SAMUEL GARFIELD AND LAWRENCE GARFIELD, PARTNERS DOING BUSINESS UNDER THE NAME OF GARFIELD ASSOCIATES, PLAINTIFFS, v. ELMWOOD STORES, INC., A CORPORATION OF THE STATE OF NEW JERSEY, AND E. ROBERT COVEN AND HARRY HAINES, INDIVIDUALLY, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided January 10, 1952.

Mr. *John J. Clancy* for the plaintiffs.

Mr. *Edward J. Gilhooly* for the defendants (*Messrs. Gilhooley, Yauch & Fagan,* attorneys).

FREUND, J. S. C.   The plaintiffs, real estate brokers, have filed a complaint in 12 counts, the first nine of which allege that the defendant, Elmwood Stores, Inc., a corporation of New Jersey, is indebted to them for commissions by reason of services rendered in the procurement of leases for property about to be constructed by Elmwood Stores, Inc., on Route 4, Broadway, East Paterson, New Jersey, and to be known as "Elmwood Shopping Center." The tenth and eleventh counts assert a similar claim for commissions against the defendants, E. Robert Coven and Harry Haines. The aggregate claim for commissions amounts to $152,756, for which the plaintiffs claim judgment against the defendant, Elmwood Stores, Inc., on the nine counts against it, and for the identical amount on the claim against the individual defendants on the two counts against them.

The twelfth count seeks a lien for the amount claimed to be due on the lands and premises owned by Elmwood Stores, Inc., and a restraint against the said corporation and

the individual defendants, who are officers and directors of the corporation, from conveying title to the premises or encumbering them. The basis for the claim for a lien and a restraint are the following allegations of the twelfth count:

"Plaintiffs are informed and believe that the only asset owned by the defendant, Elmwood Stores, Inc., is the land and the building thereon now in the course of construction which comprises the shopping center for which plaintiffs obtained the tenants set forth in Counts First to Eighth of this complaint. * * *

Plaintiffs are apprehensive that if the said defendant, Elmwood Stores, Inc., conveys or further encumbers its sole asset that they will be irreparably injured; that the defendants would be unjustly enriched by availing themselves of the fruits of the plaintiffs' labor without paying for the same or making any provision to secure payment to plaintiffs prior to and in preference to the right of any purchaser of the said lands and premises. Plaintiffs allege that if said asset be sold or further encumbered plaintiffs will be deprived and defrauded of their right to look to said corporate asset for a recovery on any judgment which they may obtain in this suit, and that such judgment would, therefore, be worthless, and they request this Court to enjoin the defendants, Harry Haines, E. Robert Coven and Elmwood Stores, Inc., its officers and directors from conveying the said property until this suit has been determined and to further enjoin the said defendants, Harry Haines, E. Robert Coven and Elmwood Stores, Inc., its officers and directors, agents or employees, from doing or committing any act which will further encumber the said lands and premises owned by the defendant, Elmwood Stores, Inc., until the full and complete determination of this cause. * * *"

The plaintiffs have filed a notice of *lis pendens* in the office of the clerk of the County of Bergen, wherein the lands and premises are situated.

The defendants have moved for summary judgment in their favor on the twelfth count and for an order discharging the *lis pendens*, in support of which they submitted an affidavit of the defendant, Harry Haines, in which he deposes that he is the vice-president of Elmwood Stores, Inc., and denies that the corporation is indebted to the plaintiffs in any sum whatsoever, denies the plaintiffs' allegation that the lands and premises in question are the corporation's only assets, and asserts:

"On the contrary, Elmwood Stores, Inc., has other assets in addition to the property described in the Complaint. Said corporation is operating its business in accordance with its Charter and has never suspended the operation of the same. Said company is solvent and it has been paying its current obligations as the same mature. * * *

As part of the normal operations of Elmwood Stores, Inc., it has arranged for temporary financing to aid it in constructing the buildings upon the premises described in the Complaint and which buildings are the subject matter of the within litigations. As soon as the said buildings are completed, it will be necessary for Elmwood Stores, Inc., to execute a permanent mortgage on said premises and which has already been arranged and the unwarranted filing of the aforesaid Notice of *Lis Pendens* is not only vexatious to Elmwood Stores, Inc., but it will hinder it in its ordinary course of business and it may also seriously interfere with its ability to secure the funds from the permanent mortgage to be placed on said premises."

The cause of action against the defendants is essentially legal and claims judgment against the defendants for brokerage commissions allegedly earned for securing tenants on behalf of the defendants. The suit is for money damages for an alleged breach of contract. The authority for the filing of a *lis pendens* is to be found in *R. S.* 2:26–27:

"In every action or suit instituted in any court of civil jurisdiction of this State, the object of which is to enforce a lien, other than a mechanic's lien, upon real estate or to affect the title to real estate or a lien or encumbrance thereon, plaintiff or his attorney shall, after the filing of the bill or complaint, file in the office of the county clerk or register of deeds and mortgages, as the case may be, of the county in which the affected real estate is situate, a written notice of the pendency of the cause, which shall set forth the title and the general object thereof, with a · description of the affected real estate.

No *lis pendens* shall be filed under this article in an action · at law to recover a judgment for money or damages only."

*N. J. S.* 2A:15–6, effective January 1, 1952, has excised the words "at law" from the last sentence above quoted, so that it now reads:

"No notice of *lis pendens* shall be filed under this article in an action to recover a judgment for money or damages only."

This action does not affect possession of or title to real estate, nor is the plaintiffs' claim such as to enforce a lien thereon. *Mabee v. Mabee*, 85 *N. J. Eq.* 353 (*Ch.* 1915). Although entitled in the Chancery Division, the action is essentially "an action to recover a judgment for money or damages only." The twelfth count does not set forth any sound basis for equitable relief nor the right to a lien before judgment against the premises, even if the plaintiffs should be entitled to a judgment against the defendants or any of them. Accordingly, the defendants' motion for summary judgment on the twelfth count and for an order discharging the *lis pendens* will be granted.