JOHN GRABOWSKI, PLAINTIFF, v. S & E CONSTRUCTION
CO., INC., A CORPORATION OF NEW JERSEY, AND
GREAT AMERICAN BUILDERS, INC., A CORPORATION
OF NEW JERSEY, DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided January 24, 1962.

*Mr. Louis Lando,* attorney for the plaintiff.

*Messrs. Greenbaum & Greenbaum,* attorneys for the defendants (*Mr. Joseph J. Vecchio,* of counsel).

CONKLIN, J. S. C.  Plaintiff contractor was hired by defendant, S & E Construction Company, Inc., a New Jersey corporation, to complete subdivision improvements on lands of defendant Great American Builders, Inc., also a New Jersey corporation, in the town of West Orange, New Jersey.

Plaintiff instituted this action in order to recover money damages for work allegedly performed in accordance with its contract with S & E.  Great American is made a defendant on the theory that it is the real beneficiary of the work performed by plaintiff.  It is alleged that in effect both defendants are one and the same and that S & E, in fact, is merely a fiction created by Great American to defraud creditors.  Plaintiff further alleges that if he were to recover judgment against S & E, and such judgment were to be unsatisfied because of S & E's absence of assets, then defendant Great American would be unjustly enriched.

Plaintiff asks that a lien be placed upon the lands of Great American so as to insure the collection of any money judgment which he is able to realize against either defendant. Complaint was filed by plaintiff in this cause of action on May 11, 1961. Subsequently, on October 26, 1961, plaintiff filed notice of *lis pendens*.

The court in this action faces the issue of whether or not plaintiff is entitled to file a *lis pendens* which would preclude Great American from engaging in its sole business endeavor, the erecting and selling of dwellings, when the sole relief sought by plaintiff is a money judgment. Although plaintiff also attempts to "pierce the corporate veil" of S & E to reach the assets of Great American, this issue is clearly collateral to the primary question, in that even if plaintiff were successful on such an approach, he would remain entitled only to a money judgment against Great American.

The *lis pendens* procedure is governed by *N. J. S.* 2*A*:15–6 *et seq.* Specifically, *N. J. S.* 2*A*:15–6 provides as follows:

> "In every action, instituted in any court of this state having civil jurisdiction, the object of which is to enforce a lien, other than a mechanic's lien, upon real estate or to affect the title to real estate or a lien or encumbrance thereon, plaintiff or his attorney shall, after the filing of the complaint, file in the office of the county clerk or register of deeds and mortgages, as the case may be, of the county in which the affected real estate is situate, a written notice of the pendency of the action, which shall set forth the title and the general object thereof, with a description of the affected real estate.
> *No notice of lis pendens shall be filed under this article in any action to recover a judgment for money or damages only.*" (Emphasis added)

Defendant seeks a discharge of the filed notice of *lis pendens* pursuant to *N. J. S.* 2*A*:15–10 which declares:

> "If plaintiff in an action as to which a notice of *lis pendens* has been filed as herein required fails to prosecute the same diligently, the court wherein the action is pending may, for such cause or for

other good cause shown, by order direct the county clerk or register of deeds and mortgages, as the case may be, to discharge the *lis pendens* of record."

In recognizing the burden imposed upon persons who acquire an interest in real estate, such real estate being the subject of litigation, the Legislature of New Jersey requires that a notice of *lis pendens* be filed in order to preserve the rights of the litigants. *N. J. S.* *2A*:15–8 provides:

"Unless and until a notice of *lis pendens* is filed as herein provided, no action, as to which such notice is required, shall, before final judgment entered therein, be taken to be constructive notice to a *bona fide* purchaser or mortgagee of, or a person acquiring a lien on, the affected real estate."

The statutory notice system which imparts to purchasers a well-organized public registry where notices of *lis pendens* are filed did not eliminate the former rule that the specific property against which the notice of *lis pendens* is filed be the subject of the dispute. It is emphatic that the present statute continues to limit the filing of the *lis pendens* to cases wherein the object of the suit is to "enforce a lien, other than a mechanics lien, upon real estate or to affect the title to real estate or a lien or encumbrance thereon." Said statute prohibits the filing of the *lis pendens* when the purpose of the suit is to "recover a judgment for money or damages only." *N. J. S.* *2A*:15–6.

It is unequivocally clear that where a title, lien, or encumbrance on a specific piece of real estate is not involved, a *lis pendens* may not be filed. *Bayley v. Bayley,* 66 *N. J. Eq.* 84 (*Ch.* 1904). In this decision the Court of Chancery stated, at *pages* 86 and 87:

"The action at law was a purely personal action, which did not relate to or affect the possession of or title to land. Under our statute, a *lis pendens* filed in such an action is a nullity."

In the case of *Garfield v. Elmwood Stores, Inc.*, 17 *N. J. Super.* 513 (*Ch. Div.* 1952), Judge Freund ruled that a *lis pendens* was improperly filed. In the *Garfield* case plaintiffs, who were real estate agents, endeavored to recover commissions from the corporate defendant which were allegedly due plaintiffs as a result of procuring tenants for the defendants' shopping center. Judge Freund stated, at *page* 516:

"The cause of action against the defendants is essentially legal and [plaintiff] claims judgment against the defendants for brokerage commissions allegedly earned for securing tenants on behalf of the defendants. The suit is for money damages for an alleged breach of contract. The authority for the filing of a *lis pendens* is to be found in *R. S.* 2:26–27. * * *." (at *page* 516)

In developing his argument he stressed at *page* 517:

"This action does not affect possession of or title to real estate, nor is the plaintiffs' claim such as to enforce a lien thereon. *Mabee v. Mabee*, 85 *N. J. Eq.* 353 (*Ch.* 1915). Although entitled in the Chancery Division, the action is essentially 'an action to recover a judgment for money or damages only.'" (at *page* 517)

Applying the reasoning of the above decision, this is not a *lis pendens* filed under the Mechanics Lien Act, and we are not, therefore, herein concerned with the nature of the plaintiff in deciding whether a *lis pendens* can be filed. In substance, the problem is based upon the type of judgment which is sought. In the *Garfield* case, as here, what is sought is money damages for the performance of services. A logical analysis of *N. J. S.* 2*A* :15–6 and the legislative intent manifested therein, impels a conclusion that a subcontractor is not entitled to file a *lis pendens* for the purpose of realizing money damages.

The evidence before this court indicates that the filing of the *lis pendens* has unjustifiably hindered defendant Great American in its attempts to alienate its property. As urged by defendants, a denial of their motion would cause Great American to place an unreasonably substantial

security in the hands of the court in order to have the *lis pendens* discharged pursuant to *N. J. S.* 2*A*:15–15. If said security were not supplied, the *lis pendens* would unreasonably preclude Great American from conducting its business of building and selling homes.

As plaintiff is not entitled to a lien prior to judgment, since neither the title to Great American's lands nor a lien or encumbrance upon Great American's lands is in dispute, this court orders the discharge of the *lis pendens*.

In maintaining its position on the equities of the matter, plaintiff cites *Industrial Supply Corporation v. Lee,* 48 *So.* 2*d* 285 (*Fla. Sup. Ct.* 1950). It is observed by the court that this decision did not involve the consideration of a statute substantially similar to the one before this court. Therefore, to draw a statutory analogy and reason therefrom is unwarranted. The policy of New Jersey courts is to construe lien statutes narrowly in order to properly carry out the intent of the Legislature in this complex area. Plaintiff has clearly failed, furthermore, to manifest the inequitable theory behind the statute or any basic unfairness in its execution.

Plaintiff attempts to draw the analogy between the facts before us and the recent decision of *Deerhurst Estates v. Meadow and Meadow Homes, Inc.,* 70 *N. J. Super.* 404, 407–409 (*App. Div.* 1961). However, the cases are distinguishable in that in the latter decision the statute under consideration was *N. J. S. A.* 25:2–16, a legislative sanction for a proceeding in the Superior Court to set aside a fraudulent conveyance where a creditor's claim has matured. The ruling of the Appellate Division that a party may file an action for money damages, and a claim to have set aside a conveyance fraudulent as to him, without initially having obtained a judgment establishing the claim for money, presents a factual pattern clearly distinguishable from that before us.

The *lis pendens* is discharged. Let an order be submitted in conformity with this opinion.