123 N.J. Super. 471 (1973)
303 A.2d 605
ELLENORE NOYES, PLAINTIFF,
v.
ESTATE OF SAMUEL C. COHEN, DECEASED ET AL., DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided March 30, 1973.
*474 Mr. David M. Baer for plaintiff Ellenore Noyes (Messrs. Baer and Arbeiter, attorneys).
Mr. William C. Horner for defendants Beal.
BISCHOFF, J.S.C.
This matter is before the court on cross-motions for summary judgment. Two defendants, Estate of Samuel C. Cohen and Aneita Cohen having defaulted, they are not involved in these motions.
The facts are as follows:
Plaintiff Noyes recovered a judgment against Samuel C. Cohen, deceased, on February 17, 1972 in the Superior Court of Delaware, Kent County, for $179,300. Plaintiff continues to be the holder of this judgment which has remained unpaid since its date of entry.
Plaintiff began an action by attachment in the Superior Court of New Jersey, Law Division (Docket L-19162-72) against certain real estate owned by Samuel C. Cohen, said real estate being located in the Township of Lower Alloways, Salem County, to obtain recovery on the Delaware judgment. The complaint was filed on March 8, 1972, and pursuant to such action a writ of attachment was issued out of the Superior Court, dated April 3, 1972. The writ of attachment was filed in the office of the Clerk of the Superior Court on April 3, 1972.
On February 14, 1972 Samuel C. Cohen, then still living, and his wife, Aneita Cohen, entered into an agreement of sale for a portion of the real estate subject to the attachment, with defendants Harry E. Beal and Lois F. Beal, and on April 27, 1972 conveyed said lands pursuant to said agreement to them.
On August 4, 1972 a special judgment was entered against the attached realty in favor of plaintiff and against Samuel C. Cohen in the sum of $179,300, with costs, in the Superior Court of New Jersey.
Plaintiff seeks by her motion for summary judgment to set aside the conveyance to the Beals of the realty as being void and of no legal effect.
*475 Plaintiff contends that the conveyance should be set aside on the grounds that N.J.S.A. 2A:26-1 et seq. makes such conveyances void from the time of the issuance of the attachment.
The pertinent portions of said statute are as follows:
2A:26-9. Lien of attachment on real estate of defendant; amendment of return; disposal of real estate; conveyances by defendant void.
The attachment from the time of its issue, shall constitute a lien on the real estate of the defendant in the state where the attachment issued out of the superior court, or in the county where it issued out of a county court, even though the officer fails to especially attach the same or part thereof; and the defendant cannot thereafter assign, transfer or convey the same or any interest therein. The attachment shall also be a lien upon all real estate acquired by defendant in the state or county, as the case may be, after such issue and before final judgment. The court may order the clerk to amend the return to the attachment by annexing thereto a description of such real estate, and may make orders for the disposal thereof. All conveyances by the defendant pending the attachment shall be void against the plaintiff. The said lien shall continue to be a lien until the claim of plaintiff is satisfied, the attachment is discharged or judgment is given against the plaintiff. [Emphasis supplied]
Defendants Beal on the other hand, argue that since plaintiff failed to file a lis pendens there was no way that they, as bona fide purchasers for value without notice, could have obtained notice of the attachment. Their argument is based on two sections of the Lis Pendens Act (N.J.S.A. 2A:15-7 et seq.) which provide as follows:
2A:15-6: In every action, instituted in any court of this state having civil jurisdiction, the object of which is to enforce a lien, other than a mechanic's lien, upon real estate or to affect the title to real estate or a lien or encumbrance thereon, plaintiff or his attorney shall, after the filing of the complaint, file in the office of the county clerk or register of deeds and mortgages, as the case may be, of the county in which the affected real estate is situate, a written notice of the pendence of the action, which shall set forth the title and the general object thereof, with a description of the affected real estate.
No notice of lis pendens shall be filed under this article in an action to recover a judgment for money or damages only.
*476 2A:15-8: Unless and until a notice of lis pendens is filed as herein provided, no action, as to which such notice is required, shall, before final judgment entered therein, be taken to be constructive notice to a bona fide purchaser or mortgagee of, or a person acquiring a lien on, the affected real estate.
The crucial issue, then, is whether a creditor who proceeds under our present attachment statute (N.J.S.A. 2A:26-1 et seq.) may set aside a conveyance to a purchaser after the writ of attachment has issued, if such creditor has not filed a lis pendens.
Defendants contend that N.J.S.A. 2A:15-6 required plaintiff to file a written notice of the pendency of her action against Cohen, and the failure to do so was fatal to her claim in that defendants had no notice or knowledge of the claim against the land which they were purchasing. That being so, they contend they were bona fide purchasers and cannot have the conveyance to them set aside. Plaintiff does not dispute the terms of N.J.S.A. 2A:15-6 but does disagree with the applicability thereof in the case at hand.
The argument that plaintiff cannot set aside the conveyance to defendants for failure to file a lis pendens is rejected. The aforementioned statute specifically provides that the plaintiff or his attorney shall file a written notice of the pendency of the action in the appropriate county clerk's office or register of deeds in every action "the object of which is to enforce a lien, * * *, upon real estate or to affect the title to a real estate or lien or encumbrance thereon." The judgment that was secured by plaintiff was a foreign judgment. It was not a lien on New Jersey realty. N.J.S.A. 2A:15-6 requires that a written notice be filed in an action to enforce a lien or to affect the title to real estate, or a lien or encumbrance thereon. Plaintiff's action is not in the nature of enforcing a lien since she only has a foreign judgment. To repeat, it was not a lien. Nor was her attachment action instituted for the purpose of affecting title to real estate. The Lis Pendens Act must be read to mean that one must have an existing lien before it becomes operative. *477 A money judgment obtained in another state cannot be considered a lien on realty in this state. Furthermore, N.J.S.A. 2A:15-6 provides that
No notice of lis pendens shall be filed under this article in an action to recover a judgment for money or damages only.
Plaintiff's action in the Superior Court of New Jersey, Law Division, Salem County was an action for the recovery of money damages in the amount of $179,300. Had plaintiff attempted to file a lis pendens she would have placed herself in jeopardy of a suit for removal of the lis pendens. Garfield v. Elmwood Stores, Inc., 17 N.J. Super. 513 (Ch. Div. 1952); Grabowski v. S & E Construction Co., Inc., 72 N.J. Super. 1 (Ch. Div. 1962).
N.J.S.A. 2A:26-1 provides that the attachment statute "shall be liberally construed, as a remedial law for the protection of resident and nonresident creditors and claimants." In that light, to accept defendants' argument that a lis pendens must be filed before the attachment is effective would be writing into the act a requirement not included by the Legislature. N.J.S.A. 2A:26-9 specifically provides that all conveyances by a defendant shall be void as against the plaintiff. This section presents an absolute bar to all conveyances by a defendant once an attachment has been issued.
Defendants claim that there was no possible way that they could have obtained notice of the suit for attachment. They argue that the levy by the Sheriff of Salem County was not noted on the records in the Salem County Clerk's Office or its indices.
Defendants are not without remedy. First, defendants can proceed against the estate of their grantor for damages for the failure to convey a marketable title. Second, defendants may seek compensation from the party who insured the title which they received. (It was conceded at the time of oral argument that the action was being defended by the title *478 insurance carrier.) Plaintiff has proceeded under the laws of this State to satisfy her judgment. Relying on N.J.S.A. 2A:26-1, she filed suit for attachment. She has been diligent in the protection of her interests.
The statute provides that the attachment is a lien on real estate within the territorial jurisdiction of the issuing court; that it is operative from the date of issuance by the court, and that the effect of the lien is to make absolutely void any conveyance by the defendant of the attached realty. "Attachment in New Jersey," 11RLR 714, 722 (1956); 13 N.J. Practice Lieberman, Abstracts and Titles, § 1213 at 690 (1966).
Since the writ of attachment was duly issued and entered in the Superior Court on April 3, 1972 and the conveyance to defendants was on April 27, 1972, this court must declare the aforementioned conveyance by Samuel C. Cohen and his wife to defendants Harry and Lois Beal void.
Defendants argue that even if plaintiff's attachment were deemed effective as to defendants Beal, it cannot divest them of the title to the property but can only be used as a claim for the purchase money paid by defendants to the Cohens on the basis of the doctrine of equitable conversion. They argue that once the Cohens and Beals executed the real estate contract in February 1972, the Cohens merely retained legal title and a claim for the purchase price.
Our courts have regarded the doctrine of equitable conversion as a "mere fiction resting upon the principle that equity regards things which are directed to be done as having actually been performed where nothing intervened which ought to prevent such a performance." Fidelity-Philadelphia Trust Co. v. Harloff, 133 N.J. Eq. 44, 56 (Ch. 1943). "That concept was devised to assure justice between the parties to a real property transaction. It is a fiction of law, and as such, cannot be extended beyond the special purposes which it was created to serve." N.J. Highway Auth. v. Henry A. Raemsch Coal Co., 40 N.J. Super. 355, 361 (Law Div. 1956). And, "the doctrine will never be employed for the purpose *479 of circumventing public policy or to sustain a fraud or a wrongful act." 27 Am. Jur.2d, Equitable Conversion, § 3.
To accept the argument by defendants that the doctrine of equitable conversion should apply to the transaction between them and the Cohens would be to contravene the public policy stated in N.J.S.A. 2A:26-1 et seq., which is to protect residents and nonresident creditors.
Furthermore, "the doctrine [of equitable conversion] is most frequently applied in solving questions concerning the validity and execution of trusts, the legal character of the interests of the beneficiaries, the devolution of property as between real and personal representatives, and for other similar purposes." 27 Am. Jr.2d, Equitable Conversion, § 3. In the case at hand none of these circumstances is presented. Consequently, for the aforementioned reasons this court rejects defendants' argument that the doctrine of equitable conversion applies in this context.
Defendants' next contend that N.J.S.A. 2A:26-9 and 10 are intended to establish a priority of claims between an attaching creditor and a subsequent purchaser, and these sections do not authorize the setting aside of a conveyance of property as between a seller and a buyer, absent fraud. Defendants cite no authority to the court for such a proposition, and furthermore, if the court were to accept such a qualification of the statute, the rights of an attaching creditor under N.J.S.A. 2A:26-1 et seq. would be emasculated. The plain intendment of that statute is that there is an absolute bar to all conveyances by a defendant after the issuance of the writ of attachment. (13 N.J. Practice Lieberman Abstracts and Titles) § 1213, p. 690 (1966).
Defendants have also raised a due process argument. They contend that if the attachment statute is not construed to include the lis pendens requirement of N.J.S.A. 2A:15-6 et seq., then the setting aside of the conveyance to defendants would deprive them of their property without due process of law, in violation of the New Jersey and United States Constitutions.
*480 In considering this argument it is significant to note that the law of attachment in statutory form first appeared in New Jersey in 1799. Tanner Associates, Inc. v. Ciraldo, 33 N.J. 51, 55 (1960). This case discussed at length the history of the Attachment Act up to the date of the decision. The act has been changed many times throughout the years since 1799 but it still has remained an act for the protection of creditors and claimants. Our courts have considered the applicability of the Attachment Act in its various aspects and have never expressed any doubt as to its constitutionality. Mueller v. Seaboard Commercial Corp., 5 N.J. 28 (1950); Whiteman Food Products Co. v. Alimentari, 31 N.J. Super. 277 (App. Div. 1954); Pomeroy v. Simon, 17 N.J. 59 (1954); Tanner Associates, Inc. v. Ciraldo, 33 N.J. 51 (1960); Russell v. Fred G. Pohl Co., 7 N.J. 32 (1951).
The argument that defendants have been deprived of their property without due process of law depends upon the applicability of the doctrine of equitable conversion. This is based on the contention that upon the execution of the real estate contract in February, 1972, the Cohens merely held bare legal title to the property and the Beals acquired equitable title. Since the court has rejected the equitable conversion argument, this argument ceases to have validity.
Furthermore, it is well established that a trial judge should not hold a statute unconstitutional except in a clear case. Grossman Furniture Co. v. Pierre, 119 N.J. Super. 411 (Cty. D. Ct. 1972); State v. Cannarozzi, 77 N.J. Super. 236 (App. Div. 1962); Chalmers v. Chalmers, 117 N.J. Super. 474 (Ch. Div. 1971). The Attachment Act (N.J.S.A. 2A:26-1 et seq.) is an act which has existed for a long period of time, to wit, since 1799. It has withstood many years of litigation and interpretation. That being so, it would be improper for this court to declare the act unconstitutional.
Finally, defendants contend that if the conveyance to them by the Cohens is declared void and set aside, there *481 should be an appropriate allowance to them of monies expended in discharging a prior mortgage which encumbered the property at the time of the conveyance and monies expended by them in making improvements to the real estate after the property was conveyed to them.
This is a court of equity and while the statute does declare the conveyance void, this court feels that, as a condition to setting aside the conveyance, plaintiff should reimburse defendants to the extent that plaintiff would be unjustly enriched by defendants' expenditures. If the parties can agree upon the dollar amount of this unjust enrichment, it may be included in the terms of an order setting aside the conveyance. If the parties cannot agree on this dollar figure, then the court will take testimony and determine what that figure should be.
In accordance with the terms of the preceding opinion, this court declares that the conveyance by the Cohens to the Beals is void and is hereby set aside.
The granting of summary judgment in favor of plaintiff is in no way intended to affect the merits of defendants' cross-claim against the estate of Samuel Cohen, deceased.