149 N.J. Super. 81 (1977)
373 A.2d 402
GENERAL ELECTRIC CREDIT CORPORATION, PLAINTIFF-APPELLANT,
v.
WINNEBAGO OF NEW JERSEY, INC., LAND ACQUISITIONS, INC., SCHIFFMAN RECREATION VEHICLES OF FLORIDA, INC., NORMAN SCHIFFMAN, GRACE SCHIFFMAN, RICHARD R. SCHIFFMAN, AND BARBARA SCHIFFMAN, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 15, 1977.
Decided March 28, 1977.
*82 Before Judges MATTHEWS, SEIDMAN and HORN.
Mr. William H. Horton argued the cause for appellant (Messrs. McCarter & English, attorneys; Mr. Francis E.P. McCarter, of counsel, and Mr. William T. Reilly on the brief).
Mr. John W. Wopat, III, argued the cause for respondents (Messrs. McOmber & McOmber, attorneys).
The opinion of the court was delivered by MATTHEWS, P.J.A.D.
In January 1976 plaintiff instituted an action against defendants seeking repayment of collateral deficiencies arising out of defaults under credit obligations owed by defendants to plaintiff. In that proceeding plaintiff sought and obtained temporary restraints which enjoined defendants from removing from their premises collateral in which plaintiff had a security interest.
Plaintiff and defendants thereafter entered into an agreement, dated February 25, 1976, under which defendants acknowledged *83 their defaults and material breaches and agreed to give plaintiff a mortgage on property in Paramus, New Jersey, and in Pennsylvania, further to secure the collateral deficiencies due plaintiff. The action was thereupon dismissed without prejudice.
Despite repeated demands of plaintiff, defendants refused to execute the mortgages or to otherwise perform the agreement of February 25, 1976. Plaintiff again instituted an action against defendants seeking specific performance of defendants' promise to execute mortgages on the mentioned properties.
Subsequently, plaintiff learned that defendants had suffered a substantial judgment lien against the Paramus property, and that title to the Pennsylvania property had never been acquired by them. Plaintiff then amended its complaint, with leave of court, by adding a fifth count. The added count alleges that defendants' execution of the agreement of February 25, 1976 was fraudulent and was intended to impede and delay plaintiff in the collection of the deficiency balance due to it; that defendants never intended to execute any mortgages in favor of plaintiff as promised by them in said agreement, and that defendants had, without notice to plaintiff, substantially reduced or eliminated any equity in the properties which were the agreed upon subject of such promise to mortgage, thereby rendering specific performance of such promise to mortgage worthless. Based on those allegations plaintiff now seeks judgment directing defendants to execute mortgages on other properties in which they have an equity in such aggregate amount that the deficiency balance owed to plaintiff will be fully secured, as was intended by the agreement of February 25, 1976, or, in the alternative, directing defendants to convey their interests in those other properties to plaintiff.
Based on the allegations of the added count and the relief sought therein, plaintiff filed notices of lis pendens against various parcels of real estate in which defendants have an interest, including property owned by a nonparty, Schiffman *84 Realty Company, Inc., which plaintiff alleges is wholly owned by the individual defendants.
Thereafter, defendants moved for an order discharging plaintiff's notices of lis pendens (except that notice filed by plaintiff against the Paramus property). The trial judge granted the motion. We granted a stay of the trial judge's order, and on application, leave to appeal. R. 2:2-3. We have elected to consider the merits, R. 2:11-2, and have been provided with briefs and have heard the argument of counsel.
The filing of notices of lis pendens is authorized by N.J.S.A. 2A:15-6:
In every action, instituted in any court of this State having civil jurisdiction or in the United States District Court for the District of New Jersey, the object of which is to enforce a lien, other than a mechanic's lien, upon real estate or to affect the title to real estate or a lien or encumbrance thereon, plaintiff or his attorney shall, after the filing of the complaint, file in the office of the county clerk or register of deeds and mortgages, as the case may be, of the county in which the affected real estate is situate, a written notice of the pendency of the action, which shall set forth the title and the general object thereof, with a description of the affected real estate.
No notice of lis pendens shall be filed under this article in an action to recover a judgment for money or damages only.
The trial judge, relying on Noyes v. Estate of Cohen, 123 N.J. Super. 471 (Ch. Div. 1973); Grabowski v. S. & E. Constr. Co., Inc., 72 N.J. Super. 1 (Ch. Div. 1962), and Garfield v. Elmwood Stores, Inc., 17 N.J. Super. 513 (Ch. Div. 1952), concluded that a plaintiff must have an existing lien before N.J.S.A. 2A:15-6 becomes operative:
* * * N.J.S.A. 2A:15-6 requires that a written notice be filed in an action to enforce a lien or to affect the title to real estate or a lien or encumbrance thereon. The logical conclusion to be drawn from the face of the language is that one may not enforce or affect a lien unless the lien itself is in existence.
However, in reaching this conclusion he overlooked that the statute actually provides that notices of lis pendens may be filed in basically two separate and distinct situations: where *85 the object of the action is either to affect or enforce an existing lien upon real estate, or to affect title to real estate.
In Noyes, a creditor obtained a judgment in Delaware and proceeded to attach real estate of the judgment debtor in New Jersey under our Attachment Act (N.J.S.A. 2A:26-1 et seq.) The creditor did not file a notice of lis pendens. The real estate was subsequently conveyed by the judgment debtor to a third party, and the judgment creditor moved to set aside that conveyance. The relief sought was granted since it was held that the attachment statute established an absolute bar to the conveyance. Under those circumstances, the filing of a notice of lis pendens was found not to be required:
* * * The judgment that was secured by plaintiff * * * was not a lien on New Jersey realty. N.J.S.A. 2A:15-6 requires that a written notice be filed in an action to enforce a lien or to affect the title to real estate, or a lien or encumbrance thereon. Plaintiff's action is not in the nature of enforcing a lien * * *. Nor was her attachment action instituted for the purpose of affecting title to real estate. The Lis Pendens Act must be read to mean that one must have an existing lien before it becomes operative. * * * [123 N.J. Super. at 476; court's emphasis eliminated, emphasis supplied]
In short, the court in Noyes simply concluded that where one seeks to enforce a lien, that lien must exist. Both Grabowski and Garfield, above, involved actions seeking money judgments and were thus outside the statute by its terms.
At common law the doctrine of lis pendens subordinated the title of a purchaser of property, pending litigation, to the rights of the plaintiff in the litigation. The suit was constructive notice to potential purchasers of plaintiff's claims to the property. Mabee v. Mabee, 85 N.J. Eq. 353, 356-357 (Ch. 1915). Our statute providing for the filing of a notice of lis pendens was adopted to ameliorate the hardship involved in good faith conveyances where there was no notice of suit in the public registry. Wood v. Price, 79 N.J. Eq. 620, 622 (E. & A. 1911). It was not adopted to limit the common law doctrine of lis pendens to situations where an existing lien *86 exists. The express language, "to affect the title to real estate," negates even the suggestion of any such statutory purpose.
The general rule is succinctly set forth in 54 C.J.S. Lis Pendens § 9 at 577:
The doctrine of lis pendens applies to all suits or actions which directly affect real property, and not only those which involve the question of title, but also those which are brought to establish an equitable estate, interest, or right in specific real property or to enforce any lien, charge, or encumbrance against it, there being in some cases a lis pendens, although at the commencement of the suit there is no present vested interest, claim or lien in or on the property which it seeks to charge. [Footnotes omitted]
Here, the fifth count of the complaint alleges fraud and seeks reformation of the defendants' promise to mortgage contained in the agreement of February 25, 1976 so as to impose a mortgage upon the properties described in the disputed notices of lis pendens. The mortgages which are sought will affect and certainly have a direct and obvious effect on the title to those properties.
We conclude that the notices of lis pendens which are the subject of this appeal satisfy the statutory criteria.
Reversed.