169 N.J. Super. 165 (1979)
404 A.2d 365
MARTIN E. O'BOYLE, PLAINTIFF-APPELLANT,
v.
FAIRWAY PRODUCTS, INC., GEORGE M. DIEMER AND ROBERT C. PACILLI, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Submitted June 7, 1979.
Decided June 27, 1979.
*166 Before Judges CONFORD, PRESSLER and KING.
Mr. John A. Yacovelle, attorney for appellant.
Messrs. Charles, Sturm & Master, attorneys for respondents Fairway Products, Inc. and Robert C. Pacilli (Mr. John J. Master, Jr. on the brief).
Messrs. Laskin & Botcheos, attorneys for respondent George M. Diemer (Mr. Lee B. Laskin on the brief).
PER CURIAM.
After the filing of an earlier complaint and notice of lis pendens, and the entry of an order in the Chancery Division discharging the notice of lis pendens because the action was regarded as one for damages rather than one "to enforce a lien * * * or to affect the title to real estate or a lien or encumbrance thereon," N.J.S.A. 2A:15-6, plaintiff herein filed a new complaint and notice of lis pendens. That complaint clearly and unequivocally demanded judgment imposing a constructive trust on certain real property and declaring plaintiff a one-third beneficial owner thereof. The action asserts a partnership of plaintiff and two individual defendants to develop real estate and asserts that defendants, through a controlled corporation, took title to the realty in question in violation of defendants' fiduciary duty to permit plaintiff to participate in the transaction.
*167 On motion of defendants the trial judge again ordered the newly filed notice of lis pendens to be discharged of record. On plaintiff's motion for leave to appeal the latter action and for summary reversal, we are granting the motion and summarily reversing, the parties having fully briefed the meritorious issues. See R. 2:8-3(b).
We find the question before us to be controlled by our recent decision in Polk v. Schwartz, 166 N.J. Super. 292 (App.Div. 1979). It was there held that when a complaint on its face at least arguably recites a cause of action coming within N.J.S.A. 2A:15-6 and its accompanying authorization of the filing of a notice of lis pendens, it is not appropriate for a court to entertain a motion to discharge the notice of lis pendens. Rather, the disaffected party should, if properly warranted, move to dismiss the complaint or pertinent counts thereof for failure to state a claim upon which relief can be granted, or for summary judgment, including a request to discharge the notice of lis pendens. Id. at 299-300.
It was further pointed out in Polk that discharging the notice of lis pendens without a prior determination of the merits of the claim could jeopardize plaintiff's realization of effective relief even if he ultimately succeeded on the merits. Id. at 300.
We would add this footnote to Polk. The adversely affected party would be entitled to have the notice of lis pendens discharged if on motion he could demonstrate and obtain a determination by partial summary judgment to the effect that plaintiff in fact and in law had no right to a lien or to a claim affecting the title to the realty in question but only, if at all, some different claim or right against the defendant, as for damages.
In the present case defendants have not to this juncture established a right to discharge the notice of lis pendens. The order under review must therefore be
Reversed.