THE UNITED SAVINGS & LOAN ASSOCIATION OF TRENTON, N. J., A CORP. OF THE STATE OF N. J., PLAINTIFF, v. ANNETTE SCRUGGS, SINGLE, ET AL., DEFENDANTS.

Superior Court of New Jersey
Chancery Division Mercer County

Decided October 7, 1981.

Frederic J. Schragger, appeared on motion for plaintiff. (*Schragger, Schragger & Lavine*, attorneys).

No appearance for defendant.

DREIER, J. S. C.

On July 28, 1978 defendant Annette Scruggs executed a bond and a mortgage in favor of plaintiff United States Savings and Loan Association to secure a debt of approximately $14,000. The mortgage was duly recorded on the same day. Alleging that Miss Scruggs had defaulted on payments due on the obliga-

tion, plaintiff recently brought this action to foreclose the mortgage. Immediately subsequent to filing its complaint, and in accordance with customary practice, plaintiff filed a notice of *lis pendens* pursuant to *N.J.S.A.* 2A:15–9.

Plaintiff is now before the court on motion for an order permitting the filing of a nonstatutory notice of *lis pendens* as a result of a decision of the United States District Court holding the procedures set out in the New Jersey *lis pendens* statute, *N.J.S.A.* 2A:15–6 *et seq.*, to be unconstitutional under the Due Process clause of the United States Constitution. *Chrysler Corp. v. Fedders Corp.*, 519 *F.Supp.* 1252, 1264 (D.N.J.1981).[1] In the alternative, plaintiff seeks a declaration that its original notice of *lis pendens* was and is effective. The circumstances of the within action, however, are distinguishable from those of *Chrysler* and do not give rise to the same due process concerns; thus, the statutory notice of *lis pendens* already filed by plaintiff is here held to be valid.

As Judge Ackerman noted in *Chrysler*, the doctrine of *lis pendens* prevents a party to litigation from conveying the property in dispute in derogation of the potential rights of his opponent in the land and in obstruction of the administration of justice. 519 *F.Supp.* at 1260. Filing a notice of *lis pendens* serves as constructive notice to the world that an action involving real property is pending, so that any subsequent purchaser or lienor of that property will take subject to the outcome of the litigation. *N.J.S.A.* 2A:15–7; *Wendy's of So. Jersey, Inc. v. Blanchard Management Corp.*, 170 *N.J.Super.* 491, 496 (Ch.Div. 1979).

The New Jersey statute permits a notice of *lis pendens* to be filed on the basis of plaintiff's unverified complaint, nor need the notice itself be in affidavit form. *N.J.S.A.* 2A:15–6. Once filed, the notice of *lis pendens* may not be discharged under the statute except by: (1) plaintiff's failure to prosecute the action

---

[1] The matter is now on appeal to the Third Circuit Court of Appeals.

diligently, *N.J.S.A.* 2A:15–10; (2) the passage of three years from the date of filing, *N.J.S.A.* 2A:15–11; (3) final judgment in favor of defendant, *N.J.S.A.* 2A:15–14; (4) defendant's posting a bond sufficient to secure plaintiff's claim, *N.J.S.A.* 2A:15–15; or (5) complete and final satisfaction of the claim against defendant, or by settlement or abandonment of the action. *N.J.S.A.* 2A:15–17.

The fixed and persistent nature of the notice has been underscored by two recent cases: *Polk v. Schwartz,* 166 *N.J.Super.* 292 (App.Div.1979), and *O'Boyle v. Fairway Prod., Inc.,* 169 *N.J.Super.* 165 (App.Div.1979). As noted in *Polk,* unless the complaint clearly recites a cause of action which, under the statute, does not permit the filing of a notice of *lis pendens* (*e. g.,* an action to recover judgment for money or damages only, *N.J.S.A.* 2A:15–6), it is not appropriate for a defendant to move directly to discharge the notice. 166 *N.J.Super.* at 299. Rather, defendant should move "either to dismiss the complaint or pertinent counts thereof for failure to state a claim upon which relief can be granted or for summary judgment, which motion would [include] a request to discharge the notice of *lis pendens."* *Id.* at 299–300.

*O'Boyle* added this footnote to *Polk* :

The adversely affected party would be entitled to have the notice of *lis pendens* discharged if on motion he could demonstrate and obtain a determination by partial summary judgment to the effect that plaintiff in fact and in law had no right to a lien or to a claim affecting the title to the realty in question but only, if at all, some different claim or right against the defendant as for damages. [169 *N.J.Super.* at 167].

*N.J.S.A.* 2A:15–6 provides that a notice of *lis pendens* may be filed where the object of the action is "to enforce a lien . . . upon real estate or to affect the title to real estate or a lien or encumbrance thereon . . . ." In *General Electric Credit Corp. v. Winnebago of N.J.,* 149 *N.J.Super.* 81 (App.Div.1977), this language was construed to permit filing a notice of *lis pendens* not only to enforce an existing lien, but also to establish an interest or right in real property.

Our statute providing for the filing of a notice of *lis pendens* ... was not adopted to limit the common law doctrine of *lis pendens* to situations where an existing lien exists. The express language "to affect the title to real estate," negates even the suggestion of any such statutory purpose. [*Id.* at 85–86].

See, also, 54 *C.J.S., Lis Pendens*, § 9 at 577.

Filing a notice of *lis pendens* therefore may serve two separate and distinct purposes. Where plaintiff has an existing lien or interest *of record*, the notice of *lis pendens* provides constructive notice to the world that an action to enforce such lien or interest has been begun. In this situation the filing serves a notice function only. However, *General Electric Credit Corp., supra,* makes it clear that a plaintiff seeking to *obtain* title to real estate or to *impose* a lien or restriction thereon may likewise file a notice of *lis pendens.* The filing then takes on a substantive aspect as well, giving notice to the world not merely that a pre-existing lien is being foreclosed but that a *new* lien has been asserted which will be deemed superior to all subsequently obtained interests in the property.

In *Chrysler* the latter situation obtained. There, an out-of-state plaintiff brought an action whose favorable outcome would affect the title of defendant Fedder's New Jersey property, even though at the commencement of the suit Chrysler had no present vested interest, claim or lien in or on the property it sought to charge. Apparently concerned about its eventual ability to recover a money judgment against Fedders, Chrysler filed a notice of *lis pendens* as to defendant's real estate. Fedders, on its part, was seeking to sell the subject property but, because of the notice of *lis pendens*, could not convey title free from plaintiff's claims. Fedders argued that the *lis pendens* must be discharged because it operated to deprive Fedders of its property without due process of law.

The *Chrysler* court weighed plaintiff's interest in its ability to recover on a potential judgment against defendant's property and the governmental interest in assuring court control over the subject matter of real property disputes, against the severity of the restriction imposed by the filing of the notice of *lis pendens*

on defendant's ability to alienate its property freely. *See Mathews v. Eldridge*, 424 *U.S.* 319, 96 *S.Ct.* 893, 47 *L.Ed.2d* 18 (1976). On balance, Judge Ackerman found the New Jersey *lis pendens* statute to be both facially and as applied in violation of the due process requirements of the 14th Amendment of the United States Constitution.

> ... [T]he present procedures do not satisfy the requirements of due process, either on their face or in the circumstances of the case before me, because of their failure to require the plaintiff to make even a minimal showing of entitlement to the rights created by the filing of the notice of *lis pendens* at a meaningful time either before or closely following the filing of the notice. [519 *F.Supp.* at 1264].

In effect, the very filing of the notice of *lis pendens* with the county clerk or register of deeds and mortgages amounts to a taking of defendant's property by state action, since it "destroys the ability of a property holder to convey marketable title if the litigation has any possibility of success." 519 *F.Supp.* at 1260. See 13A *N.J. Practice* (*Lieberman, Abstracts and Titles*) (3 ed. 1966), § 172 at 218–219. Since the statute provides for neither a prefiling nor an effective and rapid postfiling hearing at which defendant might challenge plaintiff's claim, the property owner's only other recourse is to move to dismiss or for summary judgment. As Judge Ackerman further noted in *Chrysler*, this requires the property owner to bear a heavy burden in order to prevail. *See Muniz v. United Hospitals Med. Center*, 153 *N.J. Super.* 79 (App.Div.1977); *Judson v. Peoples Bank & Trust Co.*, 17 *N.J.* 67 (1954). Thus, when tested against the procedural protections against arbitrary seizures mandated in *Sniadach v. Family Financial Corp.*, 395 *U.S.* 337, 89 *S.Ct.* 1820, 23 *L.Ed.2d* 349 (1969), and the line of U.S. Supreme Court cases which followed,[2] the New Jersey statute was found in *Chrysler* to be

---

[2] *Sniadach, supra; Fuentes v. Shevin*, 407 *U.S.* 67, 92 *S.Ct.* 1983, 32 *L.Ed.2d* 556 (1972); *Mitchell v. W.T. Grant*, 416 *U.S.*, 600, 94 *S.Ct.* 1895, 40 *L.Ed.2d* 406 (1974), and *North Georgia Finishing, Inc. v. Di-Chem, Inc.*, 419 *U.S.* 601, 95 *S.Ct.* 719, 42 *L.Ed.2d* 751 (1975). Each of these cases dealt with the constitutionality of various state prejudgment seizure statutes. The holdings of these cases have been summarized in *Finberg v. Sullivan*, 634 *F.2d* 50, 58

invalid, in that it permitted plaintiff in effect to obtain a nonjudicial attachment of defendant's property, without affording defendant the possibility of rapid judicial relief.

Since *Chrysler* was heard and decided by the United States District Court, its holding is not binding on New Jersey state courts. *State v. Shapiro,* 122 *N.J.Super.* 409, 436 (Law Div. 1973); *State v. Coleman,* 46 *N.J.* 16, 36 (1965). Nevertheless, because the *Chrysler* decision is grounded in federal constitutional issues, and has ramifications which could profoundly affect mortgage and tax sale certificate foreclosures as well as other lien enforcement proceedings in the State, it is necessary to examine the effect of *Chrysler* on the present foreclosure action.

█ Unlike Chrysler, plaintiff here was not seeking to use the filing of a notice of *lis pendens* as a means to impose a new restriction on real property to which it had no present, publicly ascertainable claim. Rather, United Savings & Loan Association had a recorded mortgage of three years' standing on defendant's property. By filing its notice of *lis pendens,* plaintiff merely sought to give notice to any further purchaser, lienor or mortgagee that its pre-existing lien was being foreclosed. Since plaintiff's interest in the property had been established earlier by recorded instrument, the filing implicated only the notice aspect of the *lis pendens* statute and therefore did not amount to a taking of defendant's property. The due process concerns voiced in *Chrysler,* which centered on the substantive aspect of *lis pendens, i. e.,* the creation through insufficient process of a restriction on defendant's property in favor of plaintiff, simply do not arise here.

(3rd Cir. 1980) *(en banc):* "... notice and an opportunity to be heard before an attachment are not absolutely necessary. However, the available procedures must afford the debtor adequate protection against erroneous or arbitrary seizures. The procedural protection is adequate if it represents a fair accommodation of the respective interests of creditor and debtor...." *See Chrysler,* 519 *F.Supp.* at 1258.

This court therefore holds that when plaintiffs avail themselves of the statutory *lis pendens* procedures to enforce an existing publicly-noticed lien on real property, the New Jersey *lis pendens* statute, and the notice filed thereunder, is valid.

The court in *Chrysler*, however, accurately identified the constitutional infirmities inherent in the substantive aspect of filing under the New Jersey *lis pendens* statute. This aspect arises when plaintiff institutes an action the object of which is, in the statutory language, "to affect the title to real estate...." *N.J.S.A.* 2A:15-6. Filing a notice of *lis pendens* then effectively asserts a previously unnoticed interest or priority in defendant's property on behalf of the plaintiff. Since such an interest or priority may be imposed simply by filing a notice based on an unverified complaint, it is the risk that defendant may erroneously be deprived of property rights that triggers the need for due process protections which *Chrysler* found lacking in New Jersey *lis pendens* procedures.

The *Chrysler* opinion itself, however, points the way toward a solution which procedurally would validate the New Jersey *lis pendens* statute, even when employed to create a claim on defendant's property. "Virtually any type of rapid hearing, either before or after filing, requiring the plaintiff to make even a minimal showing [of entitlement to the rights created by the filing of the notice of *lis pendens*], would reduce the risk of erroneous deprivations." 519 *F.Supp.* at 1263. Such a hearing would allow for the fair and meaningful accommodation among the legitimate interests of the State and the parties mandated by the 14th Amendment. *Mathews v. Eldridge* and *Finberg v. Sullivan* both *supra*.

█ Although Judge Ackerman found it "inappropriate ... to describe *in dicta* a procedure that would satisfy due process....," 519 *F.Supp.* at 1264, this court suffers from no such disability. It is properly the role of Chancery to provide guidance, subject, of course, to the rule-making power of the New Jersey Supreme Court.

Judge Ackerman cited *R.* 4:60–1 *et seq.* ("Attachment and Sequestration") as an example of "reasonable, lowcost, and constitutionally sound procedures in analogous areas." 519 *F.Supp.* at 1264. In fact, *R.* 4:60–5 provides a procedure which, if followed when filing a notice of *lis pendens* in its substantive aspect, *i. e.,* to establish an interest in defendant's property, would satisfy due process requirements. Plaintiffs seeking to file such a notice of *lis pendens* should therefore proceed as if applying for an order directing issuance of a writ of attachment pursuant to *R.* 4:60–5(a). Specifically, such a plaintiff should make a motion to the court for an order permitting a notice of *lis pendens* to be filed. This motion shall be heard on no less than three days notice to defendant, who shall file and serve any opposing affidavits or cross-motions at least one day prior to the hearing. Plaintiff's motion shall be granted only upon the court's finding, based on the moving papers, any opposing affidavits which may be filed and any testimony taken, that plaintiff's cause of action supports the interest in defendant's property which would be created on plaintiff's behalf by the filing of the notice. The criterion for this latter determination would not be the legal sufficiency of the complaint or the existence of a genuine issue of material fact, *Polk, supra,* but rather the merit of plaintiff's claim. That is, plaintiff must make a "minimal showing" that the claim against defendant warrants the degree of deprivation of defendant's property rights that will occur when a notice of *lis pendens* is filed.

■ An *ex parte* order giving leave to file a priority creating notice of *lis pendens* may be issued only if the court finds, from specific facts shown by affidavit or verified complaint, that providing defendant with notice of the motion is likely to defeat the purpose of the notice of *lis pendens.* See *R.* 4:60–5(b). In this situation, plaintiff should proceed as if applying *ex parte* for an order to show cause with temporary restraints, pursuant to *R.* 4:52–1(a). Such a procedure, adapted to accommodate an application to file a notice of *lis pendens,* would allow defendant

to move to dissolve the "restraint," *i. e.*, the filed notice of *lis pendens,* on two days notice to his or her adversary.

The procedures outlined above provide sufficient safeguards against possibly arbitrary and erroneous incursions by a plaintiff on a defendant's property rights. Thus, the due process concerns properly raised in *Chrysler* are satisfied and the procedures of the New Jersey *lis pendens* statute may be validly employed to file a notice of *lis pendens* not only to enforce an existing lien on real property but also to impose a restriction *de novo* upon defendant's property. Since this procedure is provisional only, this court suggests that the Civil Practice Committee consider the problem and recommend to the New Jersey Supreme Court more permanent and binding procedures by way of Rule amendments.

Plaintiff should present an order pursuant to *R.* 4:42–1(a) declaring valid its previously filed notice of *lis pendens.*

THOMAS LEVIN, PLAINTIFF, v. WOODBINE BOROUGH COUNCIL, A MUNICIPAL GOVERNING BODY OF A BOROUGH LOCATED IN THE COUNTY OF CAPE MAY, STATE OF NEW JERSEY, DEFENDANT.

Superior Court of New Jersey
Law Division Cape May County

Decided June 18, 1981.