**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2576-22

CUSTOM RENOVATIONS, LLC,

    Plaintiff-Respondent,

v.

HARVEY G, LLC, and
CLAUDE and RYANNE[1] GIROUX,

    Defendants-Appellants.

_____

Submitted September 20, 2023 – Decided October 2, 2023

Before Judges Currier and Firko.

On appeal from an interlocutory order of the Superior Court of New Jersey, Law Division, Camden County, Docket No. L-2691-22.

Rogers Counsel, attorneys for appellants (Lance Rogers and Brian T. Newman, on the briefs).

---

[1] The initial complaint refers to this defendant as "Ryanne" Giroux. The record also refers to this defendant as "Ryan" Giroux. We refer to this defendant as "Ryanne" in our opinion.

Siciliano & Associates, LLC, attorneys for respondent (Salvatore J. Siciliano and Jennifer McPeak, on the brief).

PER CURIAM

By way of leave granted, defendants Claude and Ryanne Giroux and Harvey G, LLC (collectively defendants)[2] appeal from a March 17, 2023 Law Division order denying their motions to discharge a lis pendens and to impose sanctions against plaintiff Custom Renovations, LLC for the frivolous filing of the lis pendens. For the reasons that follow and based on the applicable principles of law, we conclude the trial court misapprehended the law in denying defendants' motion to discharge the lis pendens, and we reverse. We also remand for the trial court to consider anew defendants' motion for sanctions.

I.

Plaintiff operates a construction and home renovation company. Plaintiff and the Giroux defendants entered a Contract for Building, Construction, or Repair (Contract) to perform home improvements on a Haddonfield home they resided in and owned by defendant Harvey G, LLC for a total contract amount

---

[2] The record sometimes refers to Claude and Ryanne Giroux as defendants and in other instances includes Harvey G, LLC, as a defendant as well. The merits brief is filed on behalf of "defendants" but does not specify them. Therefore, in our opinion, we construe defendants to include Claude and Ryanne Giroux and Harvey G, LLC.

A-2576-22

of $200,000. The Giroux defendants requested additional renovation work and upgrades at a cost of $15,755.77. The Giroux defendants only paid $150,000 to plaintiff, claiming they were entitled to credits for unfinished work and that they were "promised additional credits."

On October 12, 2022, plaintiff filed a two-count complaint against defendants alleging breach of contract (count one), and breach of contract and fair dealing (count two). Plaintiff alleged it was owed approximately $56,000 from the Giroux defendants, after a credit and reduction in price by $9,750. That same day, plaintiff also filed a notice of lis pendens in the Camden County Clerk's Office against Harvey G, LLC, as the owner of the Haddonfield property, where the work was performed. The lis pendens was recorded on October 21, 2022.

The notice of lis pendens stated:

> PLEASE TAKE NOTICE of the commencement and pendency of a suit in the Superior Court of New Jersey, Law Division-Special Civil Part,[3] Camden County, captioned above in connection with all that tract or parcel of land commonly known as 377 Kings Highway West, Borough of Haddonfield, County of Camden, State of New Jersey, legally described as follows:
>
> SEE Exhibit "A"

---

[3] The complaint was filed in the Law Division, not the Special Civil Part.

A-2576-22

> The general object of said suit includes an action for breach of contract for professional services provided and seeks payment of outstanding legal fees owed to Plaintiff.
>
> The Complaint containing the claim in the above-entitled action was filed in the Office of the Clerk of the Superior Court of New Jersey on May 20, 2021.

On November 10, 2022, counsel for defendants sent plaintiff's counsel a letter stating the lis pendens was improperly filed because plaintiff's claim against the Giroux defendants was for money damages only and a demand was made that the lis pendens be discharged. Defense counsel's letter notified plaintiff the filing of the lis pendens was done with an "improper purpose"—to "harass and/or cause a needless increase in litigation"—in violation of N.J.S.A.

2A:15-59[4] and <u>Rule</u> 1:4-8(b)[5], the frivolous litigation rule.  Plaintiff did not respond to the letter and did not discharge the lis pendens.

Defendants moved to dismiss the complaint under <u>Rule</u> 4:6-2(e), for failure to state a cause of action for breach of contract due to plaintiff's failure to comply with the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -227.  Plaintiff cross-moved seeking leave to file and serve a first amended complaint adding a third count against Harvey G, LLC for unjust enrichment.  Following oral argument on December 16, 2022, the trial court dismissed counts one and two of the complaint as against Harvey G, LLC but denied the motion to dismiss the complaint as to the Giroux defendants.  The trial court also granted

---

[4] N.J.S.A. 2A:15-59.1(a)(1) provides:

> A party who prevails in a civil action, either as plaintiff or defendant, against any other party may be awarded all reasonable litigation costs and reasonable attorney fees, if the judge finds at any time during the proceedings or upon judgment that a complaint, counterclaim, cross-claim, or defense of the nonprevailing person was frivolous.

[5] <u>Rule</u> 1:4-8(b) provides for "Motions for Sanctions."  In pertinent part, the Rule states, "[A]n application for sanctions under this rule shall be by motion . . ." and "will be made within a reasonable time . . . if the offending paper is not withdrawn within [twenty-eight] days of service of the written demand."

plaintiff's cross-motion for leave to file and serve a first amended complaint to add a third count against Harvey G, LLC for unjust enrichment (count three).

On January 23, 2023, the Giroux defendants filed an answer and counterclaim denying the allegations in the complaint and stating the Haddonfield property was sold subsequent to the lawsuit being filed. They alleged they overpaid plaintiff and were entitled to a refund because plaintiff "failed to perform several material portions of the job." The Giroux defendants alleged they had to "hire other contractors and professionals to complete the job."

In their counterclaim, the Giroux defendants averred plaintiff was a home improvement contractor as defined by N.J.A.C. § 13:45A-17.2, and it did not comply with provisions of the regulations pertaining to home improvement contractors by failing to sign the Contract, failing to memorialize amendments to the Contract in writing, failing to provide a completion date for the work, a statement of guarantee or warranty for the labor and materials used and other enumerated compliance failures under N.J.A.C. 13:45A-16.2. The Giroux defendants also alleged plaintiff violated the CFA and attempted to stop the sale of the property by filing a frivolous lis pendens. They alleged they owe no

A-2576-22

additional monies to plaintiff, and the Contract should be deemed invalid under the CFA.

Harvey G, LLC sold the subject property to a third-party buyer. The title company escrowed $100,000 at the time of closing due to the lis pendens. On February 1, 2023, the Giroux defendants filed a motion to discharge the lis pendens and for sanctions, which is the subject of the matter under review.

On March 17, 2023, the trial court heard oral argument on the motions and rendered an oral decision that day. The trial court found "when you have a claim to renovations in the property, it's perfectly appropriate to have a . . . notice of lis pendens . . . and to have a construction lien." The trial court noted the construction lien was "not file[d] properly" but "[i]t doesn't matter" because plaintiff is "owed money . . . based on the renovations on this property." In conclusion, the trial court stated, "[t]here is a lien against the property" and that "a lis pendens is absolutely appropriate under the circumstances." The trial court denied both motions. We granted defendants' motion for leave to appeal.

Before us, the following arguments are presented:

> (1) plaintiff's lis pendens is legally flawed and the trial court erred in denying the motion to discharge the lis pendens; and

7

(2) defendants' motion for sanctions should be remanded to the trial court because the lis pendens was frivolous.

Having reviewed these contentions in light of the record and applicable legal principles, we conclude the trial court misapprehended the law in denying defendants' motion to discharge the lis pendens warranting reversal. We also remand for the trial court to consider anew whether sanctions should be awarded to defendants under Rule 1:4-8 and N.J.S.A. 2A:15-59.1.

## II.

A lis pendens provides notice to a prospective purchaser of a currently pending claim that could impact the real property. Gen. Elec. Credit Corp. v. Winnebago of N.J., Inc., 149 N.J. Super. 81, 85-86 (App. Div. 1977) (citations omitted). Defendants argue that the filing of the lis pendens was procedurally incorrect as plaintiff's first amended complaint sought only monetary damages, and no claim or right to the property's title. Defendants further contend plaintiff does not have a right in the subject property, and its right to file a mechanics or construction lien expired months ago. And, the Haddonfield property is now owned by an unrelated third-party. N.J.S.A. 2A:15-6 provides:

> In every action, instituted in any court of this State having civil jurisdiction or in the United States District Court for the District of New Jersey, the object of which is to enforce a lien upon real estate or to affect the title

to real estate or a lien or encumbrance thereon, plaintiff or his [or her] attorney shall, after the filing of the complaint, file in the office of the county clerk or register of deeds and mortgages, as the case may be, of the county in which the affected real estate is situate, a written notice of the pendency of the action, which shall set forth the title and the general object thereof, with a description of the affected real estate.

No notice of lis pendens shall be filed under this article in an action to recover a judgment for money or damages only.

(Emphasis added.)

It is undisputed the action solely seeks a judgment for monetary damages against the Giroux defendants individually and Harvey G, LLC. If plaintiff prevails, it can obtain a monetary judgment against the Giroux defendants for what they owe under the Contract and against Harvey G, LLC, if unjust enrichment is proven. The matter here does not in any way seek "to enforce a lien upon real estate or to affect the title to real estate or a lien or encumbrance thereon." N.J.S.A. 2A:15-6. Moreover, plaintiff does not claim an ownership interest in the property's title, and the statute plainly disallows the filing of a lis pendens on this basis.

We are satisfied that plaintiff is only seeking a monetary judgment against defendants—in each of the three counts of its first amended complaint—and that the trial court misapprehended the law in not discharging the lis pendens.

9

N.J.S.A. 2A:15-6 unequivocally states no notice of lis pendens shall be filed to recover a judgment for money or damages only. Therefore, we reverse the order denying defendants' motion to discharge the lis pendens and remand for the trial court to enter an order discharging the lis pendens.

### III.

In light of our decision, we also reverse the trial court's order denying sanctions and remand for the court to consider this aspect of defendants' motion anew. N.J.S.A. 2A:15-59.1(a)(1) provides a prevailing party in a civil action, as plaintiff or defendant, may be awarded all reasonable litigation costs and reasonable attorney fees if the judge finds a pleading or defense of the nonprevailing person was frivolous. Subsection (b)(1) of the statute requires the judge to consider, in determining whether a pleading or defense was frivolous, if bad faith is shown, or the action was "solely for the purpose of harassment delay or malicious injury."

Subsection (b)(2) requires the judge to analyze whether the nonprevailing party "knew, or should have known," that the pleading or defense "was without any reasonable basis in law or equity and could not be supported by a good faith argument for an extension, modification or reversal of existing law." We offer no opinion as to the determination of the trial court on this issue.

10

To the extent we have not specifically addressed any remaining arguments raised by defendants, we conclude they lack sufficient merit to warrant discussion in a written opinion.  <u>R.</u> 2:11-3(e)(1)(E).

Reversed and remanded for further proceedings consistent with our opinion.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION