687 P.2d 397

**MAMMOTH CAVE PRODUCTION CREDIT ASSOCIATION, a foreign corporation, Plaintiff/Appellant,**

v.

**Edward Lee GROSS and wife, Maleese Ione Gross, Defendants/Appellees.**

**No. 2 CA–CIV 5061.**

Court of Appeals of Arizona, Division 2.

June 29, 1984.

Review Denied Sept. 20, 1984.

Michael A. Carragher, Safford, for plaintiff/appellant.

C. Robert Pursley, Safford, for defendants/appellees.

## OPINION

HOWARD, Judge.

Charles Ray and his former wife Edna owned a residence and service station in Safford, Arizona. They moved to Kentucky and bought a farm from the Grosses. The balance of the purchase price was secured by a note and deed of trust in favor of the Grosses. In order to stock the farm with cattle, the Rays borrowed money from Mammoth Cave Production Credit Association (PCA). The loan was evidenced by a promissory note and secured by a second mortgage on the farm and chattel mortgage on the cattle.

Marital and economic difficulties caused Mrs. Ray to move back to Arizona and sue for divorce. Mr. Ray essentially abandoned the farm. PCA repossessed the cattle and sold them. The Grosses were awarded a deficiency judgment for $40,000 and PCA was still owed $80,000 on the note. In the meantime, the Rays divorced. Their property settlement gave Mr. Ray the service station and Mrs. Ray the residence. When Mr. Ray failed to make payments to Mrs. Ray for her share of the service station property, she filed an action to impose an equitable mortgage on the service station together with a lis pendens which was recorded with the Graham County recorder on March 17, 1981. PCA filed

an action on the note in Graham County Superior Court on March 18, 1981, concurrently filing an application for provisional remedy seeking a prejudgment attachment of the Rays' real property and a lis pendens which was recorded on March 19, 1981.

PCA served Mrs. Ray who failed to file an answer and, on April 28, 1981, PCA defaulted her. By this time Mrs. Ray had secured a judgment for an equitable mortgage against the service station and had noticed a sheriff's sale.

While PCA was trying to serve Mr. Ray and get a hearing on its application for provisional remedy and a default judgment against Mrs. Ray, the Grosses, on March 22, 1982, perfected their Kentucky judgment pursuant to A.R.S. § 12–1701 et seq.

On April 27, 1982, PCA finally got its hearing. The trial court set aside the default against Mrs. Ray. (Mr. Ray had filed his answer in the meantime.) The court also approved the provisional remedy in the form of a prejudgment attachment.

On May 6, 1982, there was a sheriff's sale of the service station pursuant to Mrs. Ray's judgment and she purchased the property at the sale. Because of the attachment of the property by PCA, the sheriff refused to issue a sheriff's certificate of sale pending directions from the Graham County Attorney.

In September 1982, Mrs. Ray contracted to sell the residential property. Because of the lis pendens filed by PCA and the recording of the judgment by the Grosses, a compromise was necessary. The parties agreed to release the residence from the lis pendens, Mrs. Ray stipulated that PCA could have judgment against her on the note and PCA and the Grosses agreed to look only to the service station property to satisfy their judgments.

After a hearing the trial court, on August 5, 1983, held that PCA owned the service station property as a result of the sheriff's sale but held that the Grosses had a prior lien on the property by virtue of their judgment.

PCA claims (1) that the trial court erred in setting aside Mrs. Ray's default and (2) that the trial court erred in holding the Grosses had a prior lien. We affirm.

■ As for the claim that the default should not have been set aside, we note that Mrs. Ray was not made a party to this appeal. The failure to do so precludes any relief. See *Pima County v. Grossetta*, 54 Ariz. 530, 97 P.2d 538 (1939). Furthermore, any claim of error was waived by PCA's stipulation with Mrs. Ray.

■ PCA's claim that it had priority over the Grosses' judgment is incorrect. A.R.S. § 12–1191 provides:

"A. In an action affecting title to real property, plaintiff at the time of filing the complaint, or thereafter, and defendant at the time of filing his pleading when affirmative relief is claimed in such pleading, or thereafter, may file in the office of the recorder of the county in which the property is situated a notice of the pendency of the action or defense.

B. The recorder shall file the notice and record and index it in the names of the parties to the action, and thereafter a purchaser or incumbrancer of the property affected shall be held to have constructive notice of the pendency of the action and the claims therein made."

Lis pendens statutes are designed to provide a better form of notice to one who is interested in a particular piece of real property and who may be affected by the outcome of litigation in which the property is the subject matter of suit. *Kelly v. Perry*, 111 Ariz. 382, 531 P.2d 139 (1975). Under the doctrine of lis pendens, whoever purchases or acquires an interest in property that is involved in pending litigation stands in the same position as his vendor and is charged with notice of the rights of his vendor and takes the property subject to whatever valid judgment may be rendered in the litigation. 51 Am.Jur.2d Lis Pendens § 1. The doctrine holds the subject matter of the litigation in custodia legis, *Massachusetts Bonding & Ins. Co. v. Knox*, 220 N.C. 725, 18 S.E.2d 436 (1942), thus preventing third persons from acquiring, during pendency of the litigation, interests in the property which would prevent the court

from granting suitable relief or such as would vitiate a judgment subsequently rendered in the litigation. *Merrill v. Wright*, 65 Neb. 794, 91 N.W. 697 (1902).

A.R.S. § 12–1191 allows for the filing of a lis pendens in an action *affecting title to real property*. The action here was for a debt. The filing of the lis pendens was not authorized by statute and was void, and would not have been authorized even if the provisional remedy of attachment had been granted before the time the Grosses recorded their foreign judgment. See *Armstrong v. Carwile*, 56 S.C. 463, 35 S.E. 196 (1900); *Noyes v. Estate of Cohen*, 123 N.J.Super. 471, 303 A.2d 605 (1973). And see *Teed v. Ridco Realty, Inc.*, 134 Ariz. 258, 655 P.2d 798 (1982). The trial court did not err.

Affirmed.

BIRDSALL, C.J., and HATHAWAY, J., concur.