785 P.2d 66

**WEST PINAL FAMILY HEALTH CENTER, INC., an Arizona non-profit corporation, Petitioner,**

v.

**The Honorable E.D. McBRYDE, a Judge for the Superior Court of the State of Arizona, County of Pinal, Respondent,**

and

**H. Howard HOLMES, M.D., and Mary Eleanor Holmes, husband and wife, Real Parties in Interest.**

No. 2 CA–SA 89–0099.

Court of Appeals of Arizona, Division 2, Department B.

Sept. 14, 1989.

Review Denied Jan. 30, 1990.*

* Gordon, C.J., of the Supreme Court, was not present and did not participate in the determination of this matter.

Rake, Copple, Downey & Black, P.C. by Thomas P. McGovern, Phoenix, for real parties in interest.

## OPINION

LACAGNINA, Acting Presiding Judge.

Petitioner seeks special action relief from the trial court's granting the motion of real parties in interest (hereinafter "Holmes") to compel and the denial of petitioner's motions in limine. Because petitioner has no equally plain, speedy and adequate remedy by appeal and because the trial court's rulings constitute an abuse of the court's discretion, we accept jurisdiction and grant relief. Ariz.R.P.Spec. Action 1 and 3, 17B A.R.S.

## ISSUES

The issues presented by this special action are as follows:

1. Does the doctrine of mitigation of damages require that a plaintiff file a lis pendens in an action for breach of a contract for the sale of real property?

2. In the event a lis pendens is not filed, may the defendant, both during discovery and at trial, inquire concerning privileged communications between the plaintiff and his counsel and concerning counsel's legal reasoning regarding the decision not to file a lis pendens?

## FACTUAL AND PROCEDURAL HISTORY

Petitioner, a non-profit corporation which operates health care facilities in Pinal County, entered into negotiations in 1987 for the purchase of real party in interest H. Howard Holmes's medical practice and certain real property located in Eloy, Arizona. On December 2, 1987, petitioner executed Holmes's counterproposal, which was delivered into escrow. On December 7, Holmes's counsel advised attorney David Fitzgibbons, petitioner's counsel during the negotiations, that he did not believe the contract was binding. It is Holmes's position in the lawsuit which arose out of this

Snell & Wilmer by Sandra S. Froman, Tucson, for petitioner.

matter that the counteroffer was withdrawn before it was accepted.

The property was sold to a third party, notwithstanding Holmes's awareness that petitioner considered the parties to have entered into a binding and enforceable contract. Less than three months after the December 7, 1987 discussion between the parties' attorneys and after the property was sold, petitioner commenced the underlying lawsuit, seeking the alternative remedies of specific performance and damages. Petitioner did not file a lis pendens.

During the course of the litigation, Holmes's counsel attempted to discover matters relating to the decision not to file a lis pendens, including the mental impressions, legal theories and strategy of Mr. Fitzgibbons and communications between Mr. Fitzgibbons and petitioner. The parties had previously agreed that Holmes could discover even privileged matters prior to December 7. Once it became apparent that Mr. Fitzgibbons would be a witness, petitioner retained new counsel. Petitioner's counsel, on behalf of petitioner, and Mr. Fitzgibbons, on his own behalf and in accordance with the wishes of his prior client, objected to the discovery on the grounds that the matters sought were protected by the attorney-client privilege and constituted counsel's work product. Holmes filed a motion to compel the discovery, arguing that these matters were discoverable because they related to Holmes's contention that by not filing a lis pendens, petitioner had failed to mitigate its damages.[1] Holmes argued that if petitioner refused to allow them to discover information relevant to that issue, petitioner should be precluded from claiming consequential damages at trial.

Petitioner then filed two motions in limine, one which sought to prevent Holmes from discussing, inquiring into or introducing at trial any privileged communications or counsel's mental impressions and legal theories, and the other which sought to preclude any evidence from being introduced at trial relating to petitioner's failure to file a lis pendens. The trial court granted the motion to compel and denied both motions in limine. This special action followed.

## DISCUSSION

■■■■ Upon the breach of a contract, the party seeking relief has the choice of three remedies: rescind the contract, refuse to treat the breach as a termination of the contract and request that the court compel performance under the contract, or consider the breach to be a termination of the contract and request damages resulting from the breach. *See Weatherford v. Adams*, 31 Ariz. 187, 195–196, 251 P. 453, 455 (1926); *Higgins v. Kittleson*, 1 Ariz. App. 244, 247, 401 P.2d 412, 415 (1965). Any one or more of these remedies may be sought in the complaint, and the party may wait until trial before electing the remedy to pursue. *See Billman v. Ace Restaurant Supply Co.*, 5 Ariz.App. 56, 59–60, 423 P.2d 132, 135–136 (1967); *Higgins v. Kittleson, supra*, 1 Ariz.App. at 247, 401 P.2d at 415. A basic principle of the law of damages is that one who claims to have been injured by a breach of contract must use reasonable means to avoid or minimize the damages resulting from the breach. C. McCormick, *Damages* at 127 (1935); *see also Coury Bros. Ranches, Inc. v. Ellsworth*, 103 Ariz. 515, 446 P.2d 458 (1968); *Barnes v. Lopez*, 25 Ariz.App. 477, 544 P.2d 694 (App.1976); *Fulton v. Woodford*, 17 Ariz.App. 490, 498 P.2d 564 (1972). The Restatement (Second) of Contracts § 350 (1981) provides as follows:

§ 350 Avoidability as a Limitation on Damages

(1) Except as stated in Subsection (2), damages are not recoverable for loss that the injured party could have avoided without undue risk, burden or humiliation.

(2) The injured party is not precluded from recovery by the rule stated in Subsection (1) to the extent that he has made

---

1. We note that failure to mitigate damages was not pled as an affirmative defense, or at all, in Holmes's answer to petitioner's complaint.

reasonable but unsuccessful efforts to avoid loss.

Although the injured party is often spoken of as having a "duty" to mitigate damages, the term is misleading because there is no liability for failing to take such steps; the party is merely precluded from recovering for avoidable damages. Restatement (Second) of Contracts § 350, comment (b); *see also Barnes v. Lopez, supra; Fulton v. Woodford, supra;* McCormick, *supra,* at 128.

■ Petitioner has clearly elected not to pursue specific performance as a remedy for Holmes's alleged breach. The property having already been sold, petitioner is seeking instead consequential damages. Filing a lis pendens is not, as Holmes contend, required by the doctrine of mitigation and avoidable consequences, because it is not a means by which a party may minimize the damages resulting from a contractual breach. The purpose of a lis pendens is to provide notice to interested parties that judicial action is pending with respect to certain real property and that title to the property may thereby be affected. A.R.S. § 12–1191. It does not exist separate and apart from the litigation of which it gives notice. *Stewart v. Fahey,* 14 Ariz.App. 149, 481 P.2d 519 (1971). One of the obvious purposes of the lis pendens is to prevent "third persons from acquiring, during pendency of the litigation, interests in the property which would prevent the court from granting suitable relief or such as would vitiate a judgment subsequently rendered in the litigation." *Mammoth Cave Production Credit Ass'n v. Gross,* 141 Ariz. 389, 391–392, 687 P.2d 397, 399–400 (App.1984). Thus, it provides an injured party with an effective method for protecting the right to receive specific performance of a sales contract. *See, e.g., Shreeve v. Greer,* 65 Ariz. 35, 173 P.2d 641 (1946). Even if petitioner were seeking specific performance, however, the decision not to file a lis pendens was merely a tactical·one, and although it may have affected the viability and practicality of a request for equitable relief, it would not be evidence of a failure to mitigate damages.

■ Although the filing of a lis pendens may facilitate the granting of specific performance, where a party is seeking damages instead the filing of a lis pendens is not only unnecessary and ineffectual, but may even be improper. Indeed, a lis pendens has been held improperly filed in an action on a note, *Mammoth Cave Production Credit Ass'n v. Gross, supra,* to impose a constructive trust on shares of stock, *Hook v. Hoffman,* 16 Ariz. 540, 147 P. 722 (1915), or to recover a real estate commission. *See Richey v. Western Pacific Development Corp.,* 140 Ariz. 597, 684 P.2d 169 (App.1984). Having elected its remedy, petitioner's lawsuit is no longer an action "affecting title to real property." A.R.S. § 12–1191.[2] Moreover, the mitigation doctrine only requires that the party seeking relief engage in reasonable efforts to avoid further damages, without exposing the party to "undue risk, burden or humiliation." Restatement (Second) of Contracts, § 350. Petitioner was not required to expose itself to the possible consequences of an improperly filed lis pendens and the potential claims of the third party who purchased the property. *See Davies v. Krasna,* 14 Cal.3d 502, 121 Cal. Rptr. 705, 535 P.2d 1161 (1975) (commencement of legal action is not expected as part of a victim's attempt to mitigate damages); *see also* A.R.S. § 33–420 (imposing penalties of treble damages and attorneys' fees and costs for wrongfully filed lis pendens).

■ In urging that petitioner was required to file a lis pendens, Holmes reason that petitioner failed to mitigate its damages because had it been filed, the sale of the property to the third party could have been blocked and petitioner would not have had to pursue a claim for damages. Holmes would have us believe that the choice of the equitable remedy of specific performance and the filing of a lis pendens to protect that remedy are, in and of themselves, efforts to minimize damages and that by seeking damages instead, petitioner has provided Holmes with a failure to mitigate defense. This fatally flawed reason-

---

**2.** For a discussion of the meaning of the statutory terms, "affecting title to real property," *see*

*Tucson Estates, Inc. v. Superior Court,* 151 Ariz. 600, 604, 729 P.2d 954, 958 (App.1986).

ing leads to an anomalous result that is contrary to basic principles of contract law. If it were true that petitioner was obligated to attempt to block the sale as a result of Holmes's alleged wrongdoing, then breaching parties would be entitled to choose the remedies the injured party may pursue. This notion is untenable. The choice of remedies is petitioner's, not Holmes's. As the allegedly breaching parties, Holmes may not require that petitioner elect a preferred remedy. Moreover, it is utterly irrational to suggest that petitioner should be prejudiced for choosing the remedy that was not Holmes's first choice.

■■■ Having determined that the filing of a lis pendens is nothing more than a tactical option available to a party claiming to have been injured and is not required by the doctrine of mitigation of damages, we conclude that the facts relating to petitioner's decision not to file a lis pendens are irrelevant in the underlying lawsuit. While we recognize that the trial court must be afforded substantial discretion in determining the relevancy of evidence, *State v. Spoon*, 137 Ariz. 105, 669 P.2d 83 (1983), these facts do not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Ariz.R. Evid. 401, 17A A.R.S.; *see also* M. Udall & J. Livermore, *Law of Evidence* § 81 at 160–162 (2d ed. 1982). Such facts are unrelated to whether there was an enforceable contract between the parties, whether there was a breach, the amount of the damages resulting from the alleged breach, and, as we have concluded, whether petitioner failed to mitigate those damages. Moreover, assuming these matters were at all relevant, the probative value of such evidence is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Ariz.R.Evid. 403, 17A A.R.S.; *see also* M. Udall & J. Livermore, *Law of Evidence* § 82 at 166 (1982). The jury could incorrectly conclude that petitioner failed to do something it was obligated to do. The denial of petitioner's motions

in limine seeking to preclude the introduction of such facts at trial was erroneous and an abuse of the trial court's discretion.

Our determination that petitioner's election of remedies does not provide Holmes with a failure to mitigate defense and that petitioner's decision not to file a lis pendens is irrelevant is dispositive of the remaining issue in this special action. The trial court's order compelling the discovery sought was clearly erroneous, as it permits Holmes to delve into issues that are entirely irrelevant and are not "reasonably calculated to lead to the discovery of admissible evidence." Ariz.R.Civ.P. 26(b)(1), 16 A.R.S. We need not, therefore, specifically address the issues relating to discovery and inquiry at trial of communications protected by the attorney-client privilege and counsel's work product.

### CONCLUSION

■■■ The trial court has broad discretion with regard to discovery matters and in determining the admissibility of evidence at trial. Its decisions are not to be disturbed absent an abuse of that discretion or an incorrect application of the law. *See Brown v. Superior Court*, 137 Ariz. 327, 670 P.2d 725 (1983). In the instant case, the trial court's granting of the motion to compel discovery of irrelevant matters and its denial of petitioner's motions seeking to preclude the irrelevant evidence at trial were an abuse of the court's discretion and contrary to the law. We therefore grant petitioner's request for special action relief. The orders of the trial court are vacated and the cause is remanded for further proceedings consistent with this opinion.

Pursuant to Ariz.R.P.Spec.Action 4(f) and A.R.S. § 12-341.01, petitioner is awarded costs and attorneys' fees incurred in connection with this special action upon compliance with Ariz.R.Civ.App.P. 21(c), 17B A.R.S.

ROLL and HOWARD, JJ., concur.