In re John Robert **CAMERON,** Debtor.

**Carla P. Musselman, Chapter 7 Trustee, Plaintiff,**

v.

**Kimberly Ann Cameron, Defendant.**

**Bankruptcy No. 6:05–bk–10631–KSJ. Adversary No. 6:06–ap–80.**

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Nov. 27, 2006.

See also 2006 WL 3913440.

Jonathan B. Alper, Heathrow, FL, for Debtor.

*MEMORANDUM OPINION GRANT- ING MOTION TO DISSOLVE LIS PENDENS*

KAREN S. JENNEMANN, Bankruptcy Judge.

This adversary proceeding came on for hearing on September 21, 2006, on the defendant's Motion to Dissolve Lis Pen-

dens or Alternatively Motion to Require Bond (Doc. No. 25). In this adversary proceeding, the Chapter 7 trustee, Carla P. Musselman, seeks to impose either an equitable lien or a constructive trust against property owned by the defendant and located at 111 Bonita Street, Placida, Florida, and at 4 Windward Place, Cape Haze, Florida (the "Property").

■ In connection with these requested equitable and constructive liens, the trustee has filed a Notice of Lis Pendens in the public records of the applicable counties to preclude the defendant from transferring or otherwise encumbering the Property. The defendant argues this Lis Pendens is premature and improper. The Court agrees.

At this juncture, the trustee has only filed this adversary proceeding asserting claims against the defendant. The claims raised in the adversary proceeding include four counts of fraudulent transfer, asserting that the defendant received cash or monies from her husband which she used to buy the Property. However, the trustee has no special right, title, or interest in the Property unless and until a fraudulent transfer judgment is entered and the transfer is avoided.

■ Moreover, pursuant to a separate order simultaneously entered with this Memorandum Opinion, the Court has dismissed all counts asserted by the Chapter 7 trustee seeking to impose a constructive trust or equitable lien. The Chapter 7 trustee's Amended Complaint now consists only of the fraudulent transfer counts. As such, it would be improper to allow the Lis Pendens to remain in place during the pendency of this litigation. The result is no different than any other action where parties are required to wait until after a judgment is entered to pursue collection rights and remedies. Prejudgment collection actions and limitations are sparingly entered and only in appropriate cases. *Cf., BGJ Associates, LLC v. Superior Court,* (1999) 75 Cal.App.4th 952, 966–967, 89 Cal.Rptr.2d 693, 702 ("Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged. Accordingly, lis pendens is a provisional remedy which should be applied narrowly.") An action for money only, even if it relates to specific real property, will not support a lis pendens. *Cf. Tortu v. Tortu,* 430 So.2d 531, 532 (Fla.App. 4 Dist.1983) ("[I]t is axiomatic that a complaint which will not support a claim against the specific property at issue cannot provide a basis for tying it up by a filing of notice of lis pendens.") (internal quotations and citations omitted).

■ The trustee has demonstrated no basis to vary from the normal rules of collection and has shown no basis for the extraordinary imposition of a prejudgment remedy. Moreover, the Court notes that the entry of a Lis Pendens is subject to the governance of the applicable court. *Cf., Lennar Florida Holdings, Inc. v. First Family Bank,* 660 So.2d 1122 (Fla.App. 5th Dist.1995) (A court may control or discharge a notice of lis pendens as it may grant or dissolve injunctions if the initial pleading does not show that the action is founded on a duly recorded instrument or a mechanic's lien). In this case, the Court finds that the filing of the Lis Pendens is improper and premature. Dissolution of the Lis Pendens is appropriate. Accordingly, the Court will enter a separate order consistent with this Memorandum Opinion which grants the defendant's Motion (Doc. No. 25) and dissolves the underlying Lis Pendens.

DONE AND ORDERED.