SUPREME COURT OF ARIZONA.
En Banc

| | |
|---|---|
| MARIAN B. FARRIS, an unmarried woman, | ) Arizona Supreme Court<br>) No. CV-07-0114-CQ<br>) |
| Plaintiff, | ) United States<br>) District Court |
| v. | ) No. CIV06-01238-PHX-PGR<br>) |
| ADVANTAGE CAPITAL CORPORATION, a New York corporation, | )<br>)<br>) |
| | ) **O P I N I O N** |
| Defendant. | )<br>) |
| _____ | ) |

Certified Question from the
United States District Court for the District of Arizona
The Honorable Paul G. Rosenblatt, Judge

**Question Answered**
_____

GALLAGHER & KENNEDY, P.A.                                           Phoenix
     By   David W. Lunn
Attorneys for Marian B. Farris

FENNEMORE CRAIG, P.C.                                               Phoenix
     By   Janet Weinstein
          James D. Burgess
          Janice Procter-Murphy
Attorneys for Advantage Capital Corporation
_____

**R Y A N**, Justice

¶1      Arizona law permits a party to a legal "action affecting title to real property" to file a *lis pendens* with the county recorder.  Ariz. Rev. Stat. ("A.R.S.") § 12-1191(A) (2003 & Supp. 2006).  The filing provides notice to interested persons that the property is subject to litigation.

¶2      The United States District Court for the District of Arizona has asked us whether a creditor's action under Arizona's version of the Uniform Fraudulent Transfer Act ("UFTA"), A.R.S. §§ 44-1001 to -1010 (2003), to void a debtor's allegedly fraudulent transfer of real property and thus make the property available for the payment of a debt or judgment, is an action "affecting title to real property" under the *lis pendens* statute.  We accepted jurisdiction of the certified question because the answer "may be determinative of the cause [] pending in the certifying court."  A.R.S. § 12-1861 (2003).  Our answer to the question is yes.

¶3      The District Court's certification order details the relevant facts.  Advantage Capital Corporation ("Advantage") is a licensed securities brokerage firm.  In December 2005, Advantage terminated the employment of Charles Bolton, a registered representative.  Advantage customers later complained to the company that some $649,000 was missing from their accounts.  In 2006, Advantage sued Bolton in superior court to recover the missing funds.  The suit also named Bolton's wife and Marian B. Farris, Bolton's mother, as defendants.  Advantage alleged that the sale of the Boltons' residence to Farris in September 2005 was a fraudulent transfer and sought to void the sale.  *See* A.R.S. § 44-1007(A)(2) (providing for the avoidance of a transfer "to the extent necessary to satisfy [a] creditor's

2

claim"). At the same time, Advantage filed a *lis pendens* against the property. *See* A.R.S. § 12-1191(A). Farris, in turn, filed a suit in superior court seeking removal of the *lis pendens* and damages. Advantage subsequently removed Farris's action to the District Court based on diversity jurisdiction.

¶4      The District Court's certified question followed. We have jurisdiction under Article 6, Section 5(6), of the Arizona Constitution and A.R.S. § 12-1861.

¶5      We interpret statutes to "give effect to the legislature's intent." *Parrot v. DaimlerChrysler Corp.*, 212 Ariz. 255, 257, ¶ 7, 130 P.3d 530, 532 (2006) (internal quotation omitted). A statute's plain language is the best indicator of legislative intent, and we will not "engage in other means of statutory interpretation" unless a statute is ambiguous. *Id.* (explaining that a statute is unambiguous "when it admits of only one meaning") (internal quotation and citations omitted).

¶6      Arizona's *lis pendens* statute provides as follows:

> In an action affecting title to real property, the plaintiff at the time of filing the complaint, or thereafter, and the defendant at the time of filing the defendant's pleading when affirmative relief is claimed in such pleading, or thereafter, may file in the office of the recorder of the county in which the property is situated a notice of the pendency of the action or defense.

A.R.S. § 12-1191(A). The crucial question, in determining the

propriety of a *lis pendens*, is whether the underlying action "affect[s] title to real property." *Id.*

¶7         Arizona's version of the UFTA provides rights to creditors against debtors who evade their financial responsibilities.  Under the UFTA, a creditor is a "person who has a claim."  A.R.S. § 44-1001(3).  The UFTA broadly defines the term "claim" to include "a right to payment, whether or not the right is reduced to judgment, . . . disputed, undisputed, legal, equitable, secured or unsecured."  A.R.S. § 44-1001(2); *see also Kaufmann v. M & S Unlimited, L.L.C.*, 211 Ariz. 314, 317, ¶ 9, 121 P.3d 181, 184 (App. 2005).  A creditor may seek relief "against a transfer . . . under this article . . . [by] [a]voidance of the transfer . . . to the extent necessary to satisfy the creditor's claim."  A.R.S. § 44-1007(A)(2).

¶8         The UFTA does not require a creditor to reduce a claim to a judgment before seeking to void a debtor's allegedly fraudulent transfer of property.  The UFTA allows the levy of execution when a creditor has obtained a judgment, but does not require a judgment before a creditor may seek relief from an allegedly fraudulent transfer, including avoidance.  *Compare* A.R.S. § 44-1007(B) (allowing the levy of execution "if a creditor has obtained a judgment"), *with id.* § 44-1007(A)(2) (allowing creditor to seek avoidance of a transfer).

¶9         The transfer of real property requires the transfer of

4

title, necessarily affecting how title is held. Accordingly, the remedy provided by the plain language of the UFTA answers the question of whether a fraudulent transfer claim "affect[s] title" under A.R.S. § 12-1191(A). The UFTA allows a court to undo a transaction, thus, returning title to its rightful owner. A.R.S. § 44-1007(A)(2). Judicially determining the identity of the holder of title necessarily "affect[s] title."

¶10    This interpretation comports with the intent of both the UFTA and the *lis pendens* statute as demonstrated by the language of these statutes. The UFTA limits a creditor's rights against property taken by a "good faith transferee who took for value or from any subsequent transferee." A.R.S. § 44-1008(B)(2). Thus, a subsequent sale by a transferee without a *lis pendens* may cut off the creditor's right, and the court's power, to undo the prior transfer. *Tucson Estates, Inc. v. Superior Court (Homeowners' Ass'n of Tucson Estates)*, 151 Ariz. 600, 604, 729 P.2d 954, 958 (App. 1986) (noting that one purpose of a *lis pendens* is to prevent "'third persons from acquiring, during pendency of the litigation, interests in the property which would prevent the court from granting suitable relief or such as would vitiate a judgment subsequently rendered in the litigation'") (citation omitted). Without the creditor's *lis pendens*, evasive debtors may secure the benefit of their fraudulent transfers and impede collection. *See* A.R.S. § 44-

5

1004(A)(1) (noting that a transfer is fraudulent as to a creditor when it is made with intent to "hinder, delay or defraud any creditor"). The UFTA does not contemplate such a result. *See Hullett v. Cousin*, 204 Ariz. 292, 295, ¶ 11, 63 P.3d 1029, 1032 (2003) ("[T]he UFTA's purpose is to protect creditors.") (citation omitted).

¶11 Farris nevertheless maintains that a valid *lis pendens* requires that a litigant have an "interest" in obtaining the property; consequently, a *lis pendens* is appropriate only when a party seeks to establish a personal legal claim to the property. As explained above, nothing in A.R.S. § 12-1191(A) so limits a *lis pendens*. *Cf. Tucson Estates*, 151 Ariz. at 604, 729 P.2d at 958 ("[W]e believe that the legislature's only purpose in enacting the *lis pendens* statute was to require that a notice be recorded in order for the doctrine to apply. We see no intent to restrict or delineate the types of actions to which the doctrine applies."). As a result, the *lis pendens* statute applies in fraudulent transfer actions seeking avoidance of a transfer of real property.

¶12 The Arizona cases on which Farris relies do not support her contention. For example, Farris cites two opinions holding that a *lis pendens* is inappropriate after the filing party had forgone the remedy of specific performance of a real estate contract or filed a *lis pendens* in an action on a debt.

6

In *West Pinal Family Health Center, Inc. v. McBryde (Holmes)*, the court recognized that a *lis pendens* is crucial to securing a party's right to specific performance, that is, to ensuring that the court could restore title to the rightful owner. 162 Ariz. 546, 549, 785 P.2d 66, 69 (App. 1989). But when a party forgoes the very remedy that affects title, a *lis pendens* is not appropriate. *Id.* In *Mammoth Cave Production Credit Ass'n v. Gross*, a party filed a *lis pendens* in an action on a debt, which the court held was not permissible under A.R.S. § 12-1191(A) because no relief concerning the title to real property was sought. 141 Ariz. 389, 392, 687 P.2d 397, 400 (App. 1984).

¶13    *West Pinal Family Health* and *Mammoth Cave* stand for the proposition that a *lis pendens* is not a tool for a litigant to secure a potential money judgment by tying up a debtor's real property. On the other hand, an action seeking to void a fraudulent transfer does not implicate this concern because the creditor is not seeking to prevent a debtor from validly liquidating assets. The avoidance remedy instead seeks to transfer title back to a debtor who has wrongfully disposed of property to avoid creditors.

¶14    Farris also asks the Court to consider opinions from other jurisdictions that she claims support her argument. Farris candidly acknowledges, however, that authorities around the country diverge on this point, with most courts opposing her

7

position.[1]    Even so, that some courts agree with Farris's argument is not a reason for us to disregard plain statutory language.    Further, some of the cases on which Farris relies simply do not support her position.

¶15    To the extent that Farris urges us to adopt the reasoning of the Massachusetts Court of Appeals and the United States Bankruptcy Court for the Middle District of Florida (applying Florida law) requiring that a creditor wait until he or she has obtained a judgment before filing a *lis pendens*, we decline to do so given the plain language of Arizona's statutes. *See In re Cameron*, 359 B.R. 823, 824 (Bankr. M.D. Fla. 2006); *see also Shrewsbury v. Seaport Partners, Ltd. P'ship*, 826 N.E.2d 203, 207 (Mass. App. Ct. 2005).

¶16    Other cases offer little support.    For example, *Psaki v. Ferrari*, 546 A.2d 1127 (Pa. Super. Ct. 1988), does not help Farris.    There the court rejected the *lis pendens* filed by a creditor against a third party's property based on a debt of

---

[1]    *E.g., Sports Shinko Co., v. QK Hotel, LLC,* 457 F. Supp. 2d 1121, 1130 (D. Haw. 2006) ("A fraudulent conveyance action seeking such relief is seeking statutory avoidance of a real property transfer; the Court finds that such an action directly affects the title of real property pursuant to the *lis pendens* statute and Hawaii Supreme Court precedent . . . ."); *see also Kirkeby v. Superior Court (Fascenelli)*, 93 P.3d 395, 399–400 (Cal. 2004) (holding that because a "fraudulent conveyance claim[,] . . . if successful, may result in the voiding of a transfer of title of specific real property[,] [b]y definition, the voiding of a transfer of real property will affect title to or possession of real property").

another. *Id*. at 1128. In *Psaki*, however, the *lis pendens* was filed against property that was never the subject of litigation; no action to avoid the transfer to the third party had been commenced. *Id.* Moreover, Pennsylvania did not adopt its version of the UFTA until 1993, four years after *Psaki* was decided. 1993 Pa. Legis. Serv. 70 (West).

¶17 Likewise, *National City Bank, Indiana v. Shortridge*, 689 N.E.2d 1248 (Ind. 1997), is of no help to Farris. The court there considered whether it was an abuse of process for a plaintiff's lawyers to file a successive *lis pendens* while a judicial decision on a prior *lis pendens* was pending. *Id.* at 1252-54. Although the court suggested that, in Indiana, a *lis pendens* is available only to "a person with an *in rem* interest in property," nothing in the court's discussion of Indiana law considered a statute like Arizona's. *Id.*

¶18 To be sure, A.R.S. § 12-1191(A) is not a license to litigants to freeze their opponents' real property and in some cases may be subject to abuse. Indeed, the legislature has recognized as much in A.R.S. § 33-420. Under that statute, one who

> causes a document asserting [a] claim to be recorded
> . . . knowing or having reason to know that the
> document is forged, groundless, contains a material
> misstatement or false claim or is otherwise invalid is
> liable to the owner or beneficial title holder of the
> real property for the sum of not less than five
> thousand dollars, or for treble the actual damages

9

caused by the recording, whichever is greater, and reasonable attorney fees and costs of the action.

A.R.S. § 33-420(A).

Further,

[a] person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded . . . knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is guilty of a class 1 misdemeanor.

*Id.* § 33-420(E). However, because an action under A.R.S. § 44-1007(A)(2) for avoidance plainly affects title to real property, our statutes authorize a creditor to file a *lis pendens* under the circumstances presented by this case.

¶19 Therefore, in answer to the District Court's certified question, we hold that an action under Arizona's version of the UFTA seeking to void an allegedly fraudulent transfer of real property is one "affecting title to real property" under A.R.S. § 12-1191(A), the *lis pendens* statute.

_____
Michael D. Ryan, Justice

CONCURRING:

_____
Ruth V. McGregor, Chief Justice

_____
Rebecca White Berch, Vice Chief Justice

10

_____
Andrew D. Hurwitz, Justice


_____
W. Scott Bales, Justice