NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

SONG HE, et al., *Plaintiffs/Appellees*,

*v.*

COLES PROPERTIES LLC, a Tennessee limited liability company, *Defendant/Appellant*.

No. 1 CA-CV 17-0774
FILED 10-23-2018

Appeal from the Superior Court in Maricopa County
No. CV2017-004316
The Honorable Rosa Mroz, Judge

**VACATED IN PART; AFFIRMED IN PART**

COUNSEL

The Kozub Law Group, PLC, Scottsdale
By William A. Kozub, Richard W. Hundley
*Counsel for Plaintiffs/Appellees*

Evans Dove Nelson Fish & Grier, PLC, Mesa
By Douglas N. Nelson, Trevor J. Fish, Thomas J. Grier
*Counsel for Defendant/Appellant*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge James P. Beene and Judge Michael J. Brown joined.

---

**M O R S E**, Judge:

¶1  Appellant Coles Properties LLC ("Coles") and Appellee Song He assert competing equitable claims against certain real property ("Property") as a result of misdeeds by Imagine Enterprises LLC ("Imagine"), who is not a party to this appeal. The superior court granted Song He's motion for summary judgment and judicially foreclosed two of Song He's mortgages in the Property. Because there is a material issue of fact as to the priority of one of Song He's mortgages, we vacate the foreclosure of that mortgage, but affirm the remainder of the court's judgment.

### FACTS AND PROCEDURAL BACKGROUND

¶2  In January 2016, Coles entered into a joint venture agreement with Imagine. The purpose of the agreement was to purchase the Property and sell it at a profit. Imagine purchased the Property on February 16, 2016. Pursuant to the joint venture agreement, from January 2016 to August 2016, Coles sent sums of money to Imagine for the earnest money, purchase, insurance, and improvement of the Property. However, Imagine did not perform according to their agreement.

¶3  On February 10, 2016, Song He agreed to loan money to Imagine. The funds were disbursed on February 24 and 25, 2016. Imagine soon defaulted, and on September 28, 2016, Song He brought a lawsuit against Imagine seeking damages from Imagine and an equitable mortgage or constructive trust on the Property. Song He recorded a lis pendens on the Property on September 30, 2016.

¶4  Upon learning of the lis pendens, and to protect its claimed interest in the Property, Coles convinced Imagine to quitclaim the Property to it. On December 8, 2016, Coles recorded the quitclaim deed transferring the property from Imagine to Coles. On January 4, 2017, Song He obtained a default judgment granting him an equitable mortgage in the Property. At that time, a trustee's sale was scheduled for February 3, 2017. In order to

stop that trustee's sale, Song He paid off the mortgage on the property, and by subrogation obtained a first priority mortgage on the property.

¶5         Song He then filed this action, making various claims against Coles and Imagine, and requesting foreclosure of its payoff mortgage and equitable mortgage. Coles crossclaimed and counterclaimed, arguing that it had an equitable mortgage on the Property due to the funds paid into it and Imagine's malfeasance. Coles also asserted a claim for damages and to clear title under Arizona Revised Statutes ("A.R.S.") section 33-420. Song He moved for summary judgment, asking the court to dismiss Coles' § 33-420 claims and to grant him a foreclosure for his payoff mortgage and equitable mortgage. The court granted Song He's motion and entered final judgment of judicial foreclosure pursuant to Arizona Rule of Civil Procedure 54(b). Coles timely appealed the judgment and we have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶6         We review de novo a grant of summary judgment and view the facts in the light most favorable to the party against whom summary judgment was entered. *United Dairymen of Ariz. v. Schugg*, 212 Ariz. 133, 140, ¶ 26 (App. 2006).

¶7         Summary judgment is appropriate when "the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). "If the evidence would allow a jury to resolve a material issue in favor of either party, summary judgment is improper." *Comerica Bank v. Mahmoodi*, 224 Ariz. 289, 291, ¶ 12 (App. 2010). However, "the mere absence of a genuine dispute of material fact does not automatically entitle a plaintiff to judgment—the plaintiff must also demonstrate that the evidence entitles it to judgment as a matter of law." *Wells Fargo Bank, N.A. v. Allen*, 231 Ariz. 209, 213, ¶ 16 (App. 2012).

## I.    Foreclosure

¶8         Coles acknowledges that part of the foreclosure was proper: the superior court did not err in foreclosing the payoff mortgage, which Song He obtained by subrogation. However, Coles argues that foreclosure of Song He's equitable mortgage, obtained by default, was error because there is an issue of disputed material fact as to whether Song He's equitable mortgage has priority over Coles' claimed equitable mortgage. We agree. By granting foreclosure on Song He's equitable mortgage, the superior

court implicitly held either that Coles did not have a valid equitable mortgage claim or that any equitable mortgage it had was inferior to Song He's equitable mortgage.

**¶9**        Coles has made a prima facie showing of a constructive trust or equitable mortgage. It presented evidence that, pursuant to an agreement which Imagine did not keep, Coles gave sums of money to Imagine towards the purchase of the Property, for insurance on the Property, and for the improvement of the Property. This evidence supports a prima facie showing that Coles has an equitable interest in the property, and precludes summary judgment. *See Gorney v. Meaney*, 214 Ariz. 226, 232, ¶ 17 (App. 2007) ("Summary judgment is also appropriate when a plaintiff fails to establish a prima facie case."); *Turley v. Ethington*, 213 Ariz. 640, 643, ¶ 9 (App. 2006) ("A court may impose a constructive trust whenever title to property has been obtained through actual fraud, misrepresentation, concealment, undue influence, duress or through any other means which render it unconscionable for the holder of legal title to continue to retain and enjoy its beneficial interest." (internal quotation marks omitted)).

**¶10**        In addition, Song He has not shown as a matter of law that his equitable mortgage is in a position superior to Coles' claimed equitable mortgage. First, Song He argues that Coles' equitable claims merged with its legal title when Coles became the legal title holder of the Property. In making this argument, Song He ignores that merger only applies when the parties so intended, and when merger would not be inequitable. *See Hathaway v. Neal*, 31 Ariz. 155, 159 (1926) (holding there is no merger if it "would work injury or violate well-established principles of equity, or be contrary to the intentions of the parties, and, primarily, of the mortgagee, who purchases the equity of redemption"); *Mid Kansas Fed. Sav. & Loan Ass'n of Wichita v. Dynamic Dev. Corp.*, 167 Ariz. 122, 129 (1991) ("[E]ven if a merger would otherwise occur at law, contrary intent or equitable considerations may preclude this result under appropriate circumstances."); *Bowman v. Cook*, 101 Ariz. 366, 368 (1966) ("It is also the law that a mortgagee has an Election in equity to prevent a merger and keep the mortgage alive . . . ."). Song He has not shown as a matter of law that Coles' intent or principles of equity necessitate a merger in this case. In fact, this lawsuit is evidence that Coles did not intend for there to be a merger. Also, it would be inequitable to hold that Coles, in its attempt to protect any interest it had in the Property, inadvertently extinguished any claimed interest by accepting the quitclaim deed.

**¶11**        Second, Song He argues that the recording of the lis pendens set the priority of Song He's equitable mortgage claim. As Song He notes,

4

a lis pendens serves to provide notice, and anyone who acquires an interest in the property after the recording of the lis pendens is charged with notice of the rights of the prior owner of the property and stands in the same position as the prior vendor with respect to the outcome of the litigation. *Mammoth Cave Prod. Credit Ass'n v. Gross*, 141 Ariz. 389, 391 (App. 1984). However, a lis pendens does not grant priority—or any substantive right— to the person who files it. *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 301, ¶ 14 (2012); *Kelly v. Perry*, 111 Ariz. 382, 385 (1975). Therefore, the lis pendens recorded by Song He does not affect the priority of his equitable mortgage.

¶12 Because there are material questions of fact as to whether Coles has an equitable interest in the Property and the priority of the parties' claimed interests,[1] we cannot say that Song He was entitled to a judicial foreclosure on the equitable mortgage as a matter of law. However, the parties agree, and the record indicates, that Song He was entitled to a judicial foreclosure on the payoff mortgage because there is no question as to its priority.

## II.    A.R.S. § 33-420

¶13 On Appeal, Coles argues that the superior court erred in dismissing its A.R.S. § 33-420 claims. However, the dismissal of these claims was not included in the court's final Rule 54(b) judgment. Because the dismissal of those claims was not part of a final judgment, we have no jurisdiction to consider it. *See* A.R.S. § 12-2101(A) (describing when appeal may be taken).

## CONCLUSION

¶14 For the foregoing reasons, we vacate the superior court's grant of foreclosure on Song He's equitable mortgage obtained by default judgment and affirm the remainder of the court's final judgment. As the successful party, Coles is entitled to costs on appeal. We defer Coles'

---

[1]    As stated earlier, Song He's equitable mortgage in the Property arose as a result of the default judgment it obtained. Coles sought relief from that judgment under Arizona Rule of Civil Procedure 60(b), but the superior court in that case ruled that it did not have standing. Coles appealed in Case No. 1 CA-CV 17-0561. In that case, we ruled that Coles does have standing to seek relief from that judgment and remanded for the superior court to determine the merits of Coles' motion. The validity of Song He's claimed equitable mortgage depends on the outcome in that case.

request for attorney fees on appeal to the superior court's discretion pending resolution of the matter on the merits. *See Tierra Ranchos Homeowners Ass'n v. Kitchukov*, 216 Ariz. 195, 204, ¶ 37 (App. 2007).



AMY M. WOOD • Clerk of the Court
FILED:  AA