NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

GHB CONSTRUCTION, L.L.C., *Plaintiff/Appellant*,

*v.*

GARY C. SOLOMON, et al., *Defendants/Appellees*.

No. 1 CA-CV 19-0781
FILED 12-10-2020

Appeal from the Superior Court in Navajo County
No. S0900CV201600387
The Honorable Michala M. Ruechel, Judge

**AFFIRMED**

COUNSEL

Copper Canyon Law LLC, Mesa
By D. Cody Huffaker
*Counsel for Plaintiff/Appellant*

Radix Law PLC, Scottsdale
By C. Adam Buck
*Co-Counsel for Defendants/Appellees*

Escolar Law Office, Oroville, California
By M. Philip Escolar
*Co-Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Paul J. McMurdie joined.

---

**C R U Z**, Judge:

¶1          Appellant GHB Construction, L.L.C. ("GHB") challenges the dismissal of its October 2016 claims seeking to undo seven recorded real estate transactions from June 2011 and June 2012 under Arizona's Uniform Fraudulent Transfer Act ("UFTA"). We affirm because these claims have been extinguished.

### FACTUAL AND PROCEDURAL HISTORY

¶2          Because GHB appeals from the grant of a motion to dismiss, we state the relevant factual allegations from its operative complaint and assume they are true for purposes of this appeal. *Sw. Non-Profit Hous. Corp. v. Nowak*, 234 Ariz. 387, 389, ¶ 4 (App. 2014).

¶3          Hatch Development, LLC and Jason Hatch, a GHB member, sued Sol's Construction Co. Inc. ("Sol's"), Gary C. Solomon, and Bobbie Sue Solomon on September 28, 2011. They obtained a money judgment on October 30, 2014. GHB received an assignment of the judgment in September 2015. GHB then sued to collect on the judgment in October 2016, seeking to undo numerous transactions between Sol's or the Solomons and entities controlled by the Solomons' relatives.

¶4          This appeal involves seven real estate transactions between Sol's or the Solomons and appellees Solomon Global, LLC and Franco-Anderson, LLC. Six of the transactions took place on or about June 1, 2011, and the seventh took place on June 19, 2012; all seven were recorded. GHB alleged the transactions were fraudulent because they "were made to family members and/or entities that were purposely created in order to . . . avoid future collection proceedings." Appellees moved to dismiss the complaint as to these transactions, contending the claims were time-barred under Arizona Revised Statutes ("A.R.S.") section 44-1009(A)(1), which extinguishes claims alleging fraudulent transfers with actual intent to hinder, delay, or defraud a creditor if not made within "four years after the transfer was made or the obligation was incurred or, if later, within one

year after the fraudulent nature of the transfer or obligation was or through the exercise of reasonable diligence could have been discovered by the claimant."  A.R.S. § 44-1009(A)(1); *see also* A.R.S. § 44-1004(A)(1).

**¶5**        The superior court granted the motion.  While it found Hatch and Hatch Development did not become creditors under the UFTA until the underlying judgment was entered, it determined the transactions at issue "were recorded as required by law and could have been discovered through the exercise of reasonable diligence" in June 2011 or June 2012.

**¶6**        The court allowed GHB to file an amended complaint "alleging any additional claims which are not extinguished by law."  GHB filed an amended complaint that largely repeated the same fraudulent transfer allegations, again alleging that the seven transactions at issue "were made to family members and/or entities that were purposely created in order to . . . avoid future collection proceedings."  To explain the delay in filing suit, GHB added allegations that Hatch "did not have funds for asset searches . . . or legal fees for filing a fraudulent transfer lawsuit" when the underlying judgment was entered.

**¶7**        Appellees renewed their motion to dismiss.  At oral argument, the court found there was "not a substantive difference in [the] amended complaint versus the prior complaint" and stated that it would grant the renewed motion.  GHB orally requested leave to file a second amended complaint, stating that it did not substantively change its fraudulent transfer allegations because it relied on the court's ruling that Hatch did not become a creditor until October 2014.  GHB also argued that

> the issues are twofold.  One is whether reasonable diligence was exercised by my client.  I'd like the opportunity to amend my complaint to that effect.  I believe that's perhaps what the Court was proposing with its first minute entry order, and I'd like the opportunity to do so.  If the Court's ruling today is that my client did not, in fact, exercise reasonable diligence, I can provide or consult with my client about providing additional information with respect to why reasonable diligence was exercised.

The court denied counsel's request, stating that it "ha[d] already given plaintiffs an opportunity to amend their complaint."

**¶8**        After considerable delays stemming from disputes over whether GHB could maintain *lis pendens* on the properties at issue during an appeal and the amount of GHB's supersedeas bond, the court entered a

final judgment under Arizona Rule of Civil Procedure ("Rule") 54(b). GHB timely appealed, and the parties agreed to stay the remainder of the case. We have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

**¶9** We review the dismissal of a complaint under Rule 12(b)(6) de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). We accept all well-pleaded facts as true and give GHB the benefit of all inferences arising therefrom. *See Botma v. Huser*, 202 Ariz. 14, 15, ¶ 2 (App. 2002). We will affirm the dismissal only if GHB would not have been entitled to relief under any facts susceptible of proof in its amended complaint. *See Coleman*, 230 Ariz. at 356, ¶ 8.

I.     GHB's Claims Relating to the June 2011 and June 2012 Transactions Are Extinguished

**¶10** A transfer is fraudulent as to a present or future creditor if made

> 1. With actual intent to hinder, delay or defraud any creditor of the debtor.
>
> 2. Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either:
>
>> (a) Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.
>>
>> (b) Intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due.

A.R.S. § 44-1004(A). Claims that arise under § 44-1004(A)(1) are extinguished if no action is brought within four years of when the transfer was made or, if later, within one year of when the fraudulent nature of the transfer was or should have been discovered through reasonable diligence. A.R.S. § 44-1009(A)(1). Claims that arise under § 44-1004(A)(2) are extinguished if no action is brought within four years after the transfer was made or the obligation was incurred. A.R.S. § 44-1009(A)(2). "Given our preference to resolve claims on their merits," we do not favor statute of limitations defenses. *Coulter v. Grant Thornton, LLP*, 241 Ariz. 440, 444, ¶ 7

(App. 2017). But "claims that are clearly brought outside the relevant limitations period are conclusively barred." *Id.* (quoting *Montaño v. Browning*, 202 Ariz. 544, 546, ¶ 4 (App. 2002)).

¶11 GHB did not sue within four years of the transfers at issue; we, therefore, focus on § 44-1009(A)(1). GHB contends the superior court misapplied § 44-1009(A)(1) by concluding it could have reasonably discovered *the transfers*, not their alleged fraudulent nature, more than one year before filing suit. It also argued below that it sued within one year of when Hatch discovered the fraudulent nature of the transfers, offering declaration testimony that he did so in December 2015.

¶12 As noted above, all seven real estate transactions at issue were recorded. We have previously held that the limitations period for fraudulent transfer claims "may begin to run on the date of recording if the recorded deed sets forth facts from which the aggrieved party should have realized it had a cause of action." *Transamerica Ins. Co. v. Trout*, 145 Ariz. 355, 358 (App. 1985). *Transamerica* predates the current § 44-1009(A)(1); there, we instead applied A.R.S. § 12-543(3), under which a fraud claim does not accrue until the claimant discovers the facts constituting the fraud or mistake using reasonable diligence. *Transamerica*, 145 Ariz. at 358.

¶13 We see no reason why our holding in *Transamerica* would not continue to apply to fraudulent transfer claims that seek to undo recorded transactions, including this case. As noted above, GHB alleged that the June 2011 and June 2012 transactions were fraudulent because the properties were conveyed to family members or family-controlled entities. *See* A.R.S. § 44-1004(B)(1) (court may consider whether a transfer was to "an insider" in determining actual intent under subsection (A)(1)). The recorded documents GHB attached to its original and amended complaints identify the parties to each transaction. Recordation is "notice to all persons of the existence of such grant, deed or instrument," and there is no exception for claimants who lack funds. A.R.S. § 33-416.

¶14 GHB contends constructive knowledge via recordation does not trigger the limitations period of § 44-1009(A)(1), citing *Backman v. Backman*, 127 Ariz. 414 (App. 1980). In *Backman*, we concluded the plaintiff's fraudulent transfer claim was timely because, under "the unusual circumstances surrounding the relationship between [the parties]," she did not become a "creditor" until after she obtained a delinquent child support judgment. *Id.* at 418. GHB did not plead any unusual circumstances like those in *Backman*, and Hatch did not identify any in his supporting declaration. It instead relied on the superior court's original finding that

Hatch did not become a creditor under the UFTA until October 2014. This finding was erroneous, as the UFTA defines "creditor" as "a person who has a claim" and "claim" in relevant part as "a right to payment, whether or not the right is reduced to judgment." A.R.S. § 44-1001(2), (3). Entry of the underlying judgment had no bearing on Hatch's creditor status. *See Farris v. Advantage Cap. Corp.*, 217 Ariz. 1, 2, ¶ 8 (2007) ("The UFTA does not require a creditor to reduce a claim to a judgment before seeking to void a debtor's allegedly fraudulent transfer of property.").

¶15 In *Moore v. Browning*, cited by both parties at oral argument, this court determined "actual or constructive discovery of the fraudulent nature of the transfers" applies to § 44-1009. 203 Ariz. 102, 110-11, ¶ 31 (App. 2002). GHB argued the *Moore* court held that whether or not the plaintiffs knew or reasonably could have known the transfers at issue were fraudulent "requires a factual determination" and was "not an issue this court can resolve." *Id.* Although this question would typically be an issue for the fact-finder, GHB attached copies of the recorded documents to its complaint and amended complaint, demonstrating constructive notice of the transfers and their alleged fraudulent nature. *See Transamerica*, 145 Ariz. at 358.

¶16 For these reasons, we affirm the dismissal of GHB's claims stemming from the June 2011 and June 2012 transactions. *See Old Republic Nat'l Title Ins. Co. v. New Falls Corp.*, 224 Ariz. 526, 530, ¶ 19 (App. 2010) ("[W]e may affirm the trial court's grant of a motion to dismiss if it is correct for any reason.").

II. The Overall Purposes of the UFTA Do Not Mandate Reversal

¶17 GHB also contends the overall purposes of the UFTA, "to discourage fraud and provide aggrieved creditors with a means to recover assets wrongfully placed beyond their reach," require reversal. *See In re Fair Fin. Co.*, 834 F.3d 651, 674 (6th Cir. 2016). Generally, the UFTA "provides rights to creditors against debtors who evade their financial responsibilities." *Farris*, 217 Ariz. at 2, ¶ 7. But general policy statements do not override the Legislature's specific limitations period in § 44-1009(A)(1). *Cf. Dooley v. O'Brien*, 226 Ariz. 149, 154, ¶ 20 (App. 2010) (noting that Arizona's UFTA "displaced similar common law actions").

III. The Superior Court Did Not Abuse Its Discretion in Denying Leave to File a Second Amended Complaint

¶18 Leave to amend, when sought before trial, should be "freely given when justice requires." Ariz. R. Civ. P. 15(a)(2). We review the denial

of a request to amend for an abuse of discretion. *Carranza v. Madrigal*, 237 Ariz. 512, 515, ¶ 13 (2015). "A court may deny leave to amend if it finds 'undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, or undue prejudice to the opposing party.'" *Id.* (quoting *Owen v. Superior Court*, 133 Ariz. 75, 79 (1982)).

¶19 Citing the statement that the superior court had already given GHB one opportunity to amend, GHB argues it is "left to assume that the trial court believed a second amended complaint would be futile." But GHB did not tell the court how it planned to amend the complaint to show reasonable diligence; counsel only stated that she would "provide or consult with [her] client about providing additional information with respect to why reasonable diligence was exercised." Assuming oral motions for leave to amend satisfy Rule 15(a)—an issue we do not reach— stating that one will add unidentified new allegations does not. *See Carranza*, 237 Ariz. at 515, ¶ 12 (affirming the denial of leave to amend where the movant did not inform the court or opposing counsel how he intended to amend the pleadings); *see also Wigglesworth v. Mauldin*, 195 Ariz. 432, 439, ¶ 26 (App. 1999) ("[T]he non-moving party should be given an opportunity to amend the complaint *if such an amendment cures its defects*." (emphasis added)).

¶20 GHB also contends the superior court "[e]xacerbated its [e]rror" by declining to clarify its original finding that Hatch became a "creditor" under the UFTA in October 2014. GHB contends this finding "created confusion," but GHB does not explain how any such confusion was relevant to its *second* request for leave to amend the complaint. The court dismissed the first amended complaint because GHB "failed to allege reasonable diligence," not because of GHB's creditor status or lack thereof. Notably, GHB tried to address reasonable diligence in the first amended complaint by alleging Hatch lacked funding to investigate the transactions. And it now cites those same allegations to contend that fact questions remain as to reasonable diligence. The court did not abuse its discretion in denying GHB a second opportunity to amend the complaint.

IV. Attorneys' Fees on Appeal

¶21 GHB requests its attorneys' fees and costs incurred in this appeal but does not say why we should award them. We decline its request. *See* ARCAP 21 ("A claim for fees . . . must specifically state the statute, rule, decisional law, contract, or other authority for an award of attorneys' fees.").

¶22            Appellees request fees under ARCAP 25 and A.R.S. § 12-349. We may sanction an appellant who brings a frivolous appeal "to discourage similar conduct in the future" under ARCAP 25.  *See Johnson v. Brimlow*, 164 Ariz. 218, 221-22 (App. 1990).  An appeal is not frivolous if it raises issues supportable by any reasonable legal theory or a colorable legal argument on which reasonable attorneys could differ.  *In re Matter of Levine*, 174 Ariz. 146, 153 (1993).  We consider ARCAP 25 sanctions with "great caution." *Price v. Price*, 134 Ariz. 112, 114 (App. 1982).  In our discretion, we decline to award ARCAP 25 sanctions.

¶23            Section 12-349(A) authorizes a fee award if a party

        1. Brings or defends a claim without substantial justification[;]

        2. Brings or defends a claim solely or primarily for delay or harassment[;]

        3. Unreasonably expands or delays the proceeding[; or]

        4. Engages in abuse of discovery.

Appellees do not show that any of the above apply here; they only baldly contend GHB's appeal was "frivolous."  We decline to award § 12-349(A) fees.  As the successful party on appeal, appellees are entitled to their taxable costs incurred in this appeal upon compliance with ARCAP 21.

## CONCLUSION

¶24            We affirm the dismissal of GHB's first amended complaint and the denial of leave to file a second amended complaint.  Appellees may recover their taxable costs upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA